JOHN KRAUS and others *vs.* NATHANIEL R. THOMPSON.

December 15, 1882.

**Sale—Rescission for Fraud of Vendee, after Judgment for Price.**—The fact that a vendor of goods, in ignorance of fraud on the part of his vendee constituting a ground for a rescission of the contract of sale, has proceeded to judgment against his vendee for the purchase price of the goods, will not amount to an affirmance or ratification of the contract of sale, so as to preclude him from rescinding, upon subsequent discovery of such fraud.

Plaintiffs brought this action in the district court for Hennepin county against defendant, as sheriff of that county. They allege in their complaint a sale by them of certain lots of furniture to one George A. Badger on credit; that Badger bought the goods with the fraudulent intention of not paying for them; that at the time of the purchases, Badger was insolvent and irresponsible, but concealed these facts from plaintiffs; that immediately upon learning these facts, the plaintiffs disaffirmed and rescinded the sales, and notified Badger and defendant; that defendant levied upon the furniture under writs of execution against Badger; that plaintiffs demanded it from defendant, while still in his possession, which demand was not complied with, and that defendant subsequently sold it and applied the proceeds upon the executions. The complaint also sets out other similar causes of action against defendant on behalf of other persons, all of whose claims have been assigned to plaintiffs, and seeks to recover the value of the goods so levied upon and sold by defendant.

On the trial before *Lochren*, J., and a jury, it appeared that as to the first, fourth, eighth and twelfth causes of action set out in the complaint, and which are mentioned in the opinion, judgments by confession for the purchase price of the goods had been entered against Badger and in favor of the vendors, on July 2, 1880. As to these judgments, plaintiffs offered evidence to show that when they were entered the vendors had no knowledge of the fraud perpetrated by Badger, and that, immediately upon their discovery of it, and on

July 10, 1880, they rescinded the sales and duly demanded the goods of the defendant; and that afterwards, and in the same month, they caused the judgments by confession to be vacated and set aside by the court. This evidence was excluded, and the court charged the jury that the sales of the goods to Badger could not be rescinded after the judgments by confession had once been entered. Plaintiffs had a verdict for the amount claimed in the complaint, excepting the four causes of action mentioned above, and they appeal from an order refusing a new trial.

*Morrison & Van Norman* and *Woods & Hahn*, for appellants.

*Cilley & Bloom*, for respondent.

MITCHELL, J.* The question presented by this case for consideration is this: Does the fact that a vendor of goods, in ignorance of fraud on the part of his vendee sufficient to authorize a rescission of a sale, has obtained judgment against his vendee for the purchase price of the goods, amount to an affirmance or ratification of the contract of sale, so as to preclude him from subsequently rescinding, upon discovery of the fraud? It is proper to remark that the court below, in deciding this question in the affirmative, fortifies his decision by the suggestion that, although the evidence tended to show that the attorneys, on whose motion the judgments referred to in this case were entered, had no notice of the fraud, yet it did not appear that their clients, the vendors, were at the time in ignorance of the facts. We do not think that the language of the bill of exceptions, when considered in connection with the pleadings, will sustain this suggestion. The complaint alleges that the vendors did not discover the fraud until on or about July 10th, (the judgments by confession were obtained by the attorneys July 2d,) and that, upon discovery of the fraud, they rescinded the contracts of sale, and that after such discovery they have done nothing to affirm the sales. The bill of exceptions shows that the plaintiffs introduced evidence tending to prove all the issues in the action, and particularly evidence tending to show a rescission of each and every of the sales of goods

*Gilfillan, C. J., because of illness, took no part in this case.

mentioned in the complaint. The expression "that plaintiffs introduced evidence to prove all the issues in the action" is perhaps not a very happy one, but we think it must be construed as meaning, "tending to prove their side of the issues;" that is, all the material allegations of their complaint put in issue by the answer.

But the point made in this suggestion was clearly not the ground upon which the learned court rested his decision. The real ground was the supposed conclusiveness of the judgment *per se* as *res adjudicata*, or, to put it in the words of the court himself, "a judgment, regularly entered, settles the ultimate rights of the parties, and, being a security of a higher nature than other contracts, merges all claims of the parties respecting the matters on which it rests," and "if the vendors' rights to rescind were ended by their entries of judgment, they could not be revived by the opening or setting aside of the judgments on their applications."

With all due deference to these views of the very able judge who decided this case, we think that his conclusions rest upon a misapplication of the doctrine of the conclusive effects of judgments as *res adjudicata*. Of course, it is elementary that an issue once determined in a court of competent jurisdiction is an effectual bar to any further litigation of the same matter by parties and privies, and that a judgment is conclusive upon the parties thereto in respect to the grounds covered by it, and the law and facts necessary to uphold it. But we fail to see how the right of a vendor to rescind a sale is in issue or determined in an action brought to recover the purchase price of the goods sold, or how an attempted rescission after judgment in such a case is any collateral attack upon the conclusiveness of such judgment as to any matters determined by it. There never has been a judgment as to whether the goods were obtained by the vendee by fraud, such as would give the vendor the right to rescind. The judgment for the purchase price determines that there was a sale in fact, and as to that it is, of course, conclusive. But a rescission of the sale controverts none of the facts in issue in an action for the purchase-money, but, in fact, admits them. A rescission proceeds upon the theory that there has been a sale, but voidable at the

option of the vendor on the ground of the fraud of the vendee, and that, having discovered this fraud, the vendor elects to avoid it. The invariable rule is that this right to rescind may be exercised upon discovery of the fraud, and that no acts in recognition of the existence of the contract of sale, done before such discovery, will amount to an affirmance or ratification, so as to preclude the vendor from·rescinding when the grounds for rescission are discovered. Affirmance in ignorance of the facts authorizing rescission will not prevent the affirming party from afterwards rescinding. *Pratt* v. *Philbrook*, 41 Me. 132. Accepting part of the purchase-money, in ignorance of the fact, has been often held no ratification. So as to the commencing an action, *under the contract*, to recover the goods. *Clough* v. *London & N. W. Ry. Co.*, L. R. 7 Exch. 26.

Any act of ratification of the contract, after knowledge of the facts authorizing a rescission, amounts to an affirmance and terminates the right to rescind; but, if done before such knowledge, it will have no such effect. And, in our opinion, the act of obtaining judgment against the vendee for the purchase price stands in that respect on the same footing as any other act recognizing the existence of the contract of sale, and must be governed by the same rules. The fact that the original claim against the vendee for the price of the goods is extinguished by the judgment, is not material. The case is not different in that regard from what it would have been if the vendor had taken from the vendee his own note, or the note of a third party, *in payment* of the original claim.

The point made by respondent, that a notice of rescission and a demand for the goods could not be made until after these judgments were vacated and annulled, is founded upon the same mistaken theory as to the conclusiveness of the judgments to which we have already referred. See *Lloyd* v. *Brewster*, 4 Paige, 537.

In our judgment, therefore, the court below erred in excluding the evidence tending to show that these judgments were, on motion of the vendors, after discovery of the fraud, vacated and set aside, and in instructing the jury that as to the plaintiffs' first, fourth, eighth, and twelfth causes of action they could not recover. This should have

been submitted to them for determination upon the facts, under proper instructions.

Order denying a new trial reversed, and a new trial granted as to the first, fourth, eighth, and twelfth causes of action set up in the complaint.