L. H. WELLER v. MINNESOTA LAND & COLONIZATION COMPANY
and Others.[1]

October 24, 1902.

Nos. 13,078—(63).

## Vendor and Purchaser—Rescission of Contract.

Where a contract for the sale of land contains a clause declaring it shall be null and void if the land is not "as understood" by the vendee, it is incumbent upon him to act under it within a reasonable time, and before he pays for the land and accepts a deed.

Action in the district court for Ramsey county to rescind a contract for the sale of land. The case was tried before Jaggard, J., who found in favor of defendants. From a judgment entered pursuant to the findings, plaintiff appealed. Affirmed.

*Penney & McMillan*, for appellant.

*E. T. Young*, for respondents.

COLLINS, J.

This was an action to rescind a land sale on the ground of fraud and misrepresentation on the part of the vendor as to quality and title, and also on the ground that the vendee was entitled to rescind under an express provision of the contract entered into between the parties. The case was tried to the court without a jury, and, upon the findings of fact, judgment was ordered for the defendants. The appeal is from the judgment thereafter entered.

It must be conceded that the findings of fact were abundantly sustained by the evidence.

1. A large number of assignments of error are set forth in the brief of counsel. Most of them need no consideration whatever. The record conclusively shows that there was no fraud and no misrepresentation as to the quality of the land, and certainly there was no testimony upon which the court below could have found that there was any as to the title. It was well understood by the plaintiff vendee that the defendant vendor then had an equitable

[1] Reported in 91 N. W. 891.

title only, and also that he was to obtain the legal title prior to the time his deed was to be delivered.

2. In the original contract between the parties, which was in writing, the value and price of the land was fixed at $3,200. The vendee was to pay this amount in certain personal property valued at $2,150, $250 in cash, and the balance, $800, in four equal annual payments, with interest. When making this contract, the parties used a printed form containing the following clause:

"It is agreed that said second party or his agent may view property of first party above mentioned, and if found to be otherwise than as represented, or as understood by said second party, this agreement to be null and void."

It is quite evident from the circumstances, and from another clause which appeared in the contract, that the form was used inadvertently, and both clauses retained without regard to what had already transpired, for just before entering into this contract the plaintiff had made a personal examination of the land, which was situated in the northern part of the state. The written contract was entered into immediately afterward at St. Paul. At the same time a bill of sale was executed by plaintiff, whereby there was conveyed to defendant Harman the personal property before mentioned. The plaintiff also executed his promissory note for $250, payable to the order of Harman, which, as we understand it, was in lieu of the $250 cash payment specified in the contract.

A few days afterward the parties entered into an oral agreement to supersede the written, which provided for the delivery of the bill of sale, the promissory note, and a warranty deed of the land in question, duly executed by defendant Harman and wife, in which this plaintiff was to be named as grantee, to defendant Robinson, in escrow, to be held until plaintiff returned to his home, in Iowa, from which place he was to send to Robinson $1,050 in cash, in lieu of the $250 note and notes and a mortgage for the $800. In accordance, these papers were then delivered to defendant Robinson, and his receipt therefor executed, in duplicate, wherein he agreed that upon the receipt of $1,050 in cash he would surrender the $250 note to plaintiff, deliver the bill of sale and the $1,050 to Harman, cause

the warranty deed to be placed on record, and furnish to plaintiff within a reasonable time an abstract of title to the land, showing his full and complete ownership thereof. Plaintiff then returned to his home in Iowa, inclosed a draft to Robinson for the $1,050, and directed him, in an accompanying letter, to return the note for $250, that the deed from Mr. and Mrs. Harman should be immediately sent to the proper office for registry and record, and that he should cause the abstract to be completed and all papers forwarded and delivered as agreed on and stated in the receipt. Thereupon Robinson returned to plaintiff the promissory note for $250, delivered the draft to defendant Harman, forwarded the deed for record, and was about to furnish the completed abstract, showing perfect title in plaintiff, when he brought this action. In so far as time would permit the terms of the escrow agreement were fully complied with.

Very little need be said concerning the clause in the original contract which provided that, if the real property was not "as understood" by the plaintiff, the agreement should be null and void. Whatever effect might be given this clause if plaintiff had availed himself of it prior to the time that, under a verbal agreement, the parties placed the bill of sale, the warranty deed, and plaintiff's note in escrow, it must be held that these acts, with what followed, eliminated the clause referred to, and deprived plaintiff from all rights under it. He did not attempt to avail himself of that clause until he had waived its terms; had, as agreed upon, placed the bill of sale and his $250 note in escrow; had been a party to Harman's depositing of the deed in the same way; had directed the deed to be forwarded, and that it be put on record,—practically a delivery; had caused it to be recorded; had authorized the delivery of the $1,050 draft to Harman; and had obtained possession of his own note for $250. It was then too late for him to seek rescission upon the ground that the land was not as he understood it to be. If he desired to rescind the contract under this clause, he was under obligations to do so within a reasonable time, and before he fully consummated the purchase by payment of the money and accepting the deed.

Counsel for the plaintiff argue that the escrow agreement did not modify or change the original contract, because it was not signed by the parties, as required by the statute of frauds. It is true that the receipt was signed by Robinson only, and in itself, and alone, would not, perhaps, change or modify the original written contract; but it recited the subsequent bargain orally made between the parties, and they at once performed all of its terms. Nothing was left undone except delivery of the abstract, showing title in plaintiff, and the latter was responsible for the failure to deliver that. He brought the action before it could be completed. Further than this, the making of the agreement, according to the terms found in the escrow receipt, was alleged in the complaint and admitted in the answer. With this condition of the pleadings and facts, the question of the statute of frauds is not in the case. As before stated, the ratification of the contract between the parties, as the same was alleged in the pleadings and set out in Robinson's receipt, was clearly and completely shown by the action of the parties in carrying out its conditions, and this was sufficient. Swallow v. Strong, 83 Minn. 87, 85 N. W. 942.

No further questions in the case need be discussed.

Judgment affirmed.