# ANNE GUNDERSON AND ANOTHER v. BEN HALVORSON.[1]

## June 7, 1918.

## No. 20,809.

**Vendor and purchaser — prompt rescission by vendee for fraud.**

1. The right of a vendee in an executory contract for the sale of land to rescind the contract on the ground of fraudulent representations by the vendor must be exercised promptly, and if there be an unreasonable delay after discovery of the fraud the right is waived.

**Same — evidence of waiver of right.**

2. The evidence stated in the opinion *held* to conclusively show a waiver of the right in this case.

**Same — action for rescission — action for damages.**

3. An action for rescission of a contract for fraud is not a bar to an action for damages for the same fraud.

Action in the district court for Clay county to rescind a contract for the exchange of certain land or in case the land could not be recovered for judgment in the sum of $10,650. The answer alleged that plaintiffs shortly after the purchase was made and the execution of the contract, took possession of the land and personal property bought, sold the personal property and farmed the land during the year 1915; and, to defendant's best information and belief, during the year 1916, and that plaintiffs at the time of the commencement of the action had possession, full control and use of the land. The case was tried before Nye, J., who denied defendant's motion for a directed verdict, and a jury which answered in the affirmative the questions put to them. The court made findings incorporating the answers of the jury and ordered judgment in favor of plaintiffs. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, Roeser, J., defendant appealed. Reversed.

*Geo. H. Otterness* and *C. A. Fosnes,* for appellant.

*Christian G. Dosland,* for respondent.

[1]Reported in 168 N. W. 8.

BROWN, C. J.

This action was brought for the rescission and cancellation of an executory contract for the sale and exchange of certain lands owned by the respective parties, and to recover payments made thereon by plaintiffs, on the ground that the contract was induced and brought about by the fraudulent representations of defendant as to the condition and fitness for agricultural purposes of the land to be conveyed by him to plaintiffs. On the trial below issues were framed and submitted to a jury, all of which were answered in favor of plaintiffs. Additional facts were found by the trial court, and judgment was ordered for plaintiffs for the relief demanded in the complaint. Defendant appealed from an order denying his motion for judgment or a new trial.

It may be conceded for the purposes of the case, without stopping to consider the question, that the evidence made the issue of fraud and fraudulent representations one of fact for the jury, and that the verdict thereon is sufficiently supported by the evidence presented by plaintiffs. But that does not dispose of the case. The action is to rescind the contract and to recover back what was paid thereon and, though the fraud be conceded, the undisputed evidence makes it clear that the right of rescission was waived by plaintiffs by their failure to repudiate the contract promptly and within a reasonable time after discovering the alleged fraud. The law on this subject, and as applied to actions of this kind, is well settled, and requires prompt action by the party seeking such relief, and a delay for an unreasonable time will amount to an affirmance of the contract and bar the right to rescind. Parsons v. McKinley, 56 Minn. 464, 57 N. W. 1134; Marshall v. Gilman, 47 Minn. 131, 49 N. W. 688; Weller v. Minnesota L. & C. Co. 87 Minn. 227, 91 N. W. 891.

In this case the alleged fraudulent representations had to do with the condition and character of the land for agricultural purposes, and were to the effect that the soil was black loam, that the land had good natural drainage, was within a mile of a school house, and entirely free from foul weeds. The land was examined by plaintiffs before the transaction was completed, but that occurred in the month of December, and at a time when the condition of the land as to soil, or the presence or absence of foul weeds, could not well be ascertained. The transaction was com-

pleted and the contract entered into in March, 1915, and plaintiffs took actual possession of the premises in April following. Plaintiff John Gunderson was a practical farmer and had lived and worked upon farms all his life. He was about 25 years of age. He discovered soon after taking possession of the farm that the soil was not as represented by defendant, and during the summer following also discovered that the representations to the effect that the land was free from foul weeds were not true; he found thereon wild mustard, quack grass and other noxious weeds in large quantities. He had suffered an accidental injury in January, 1915, and was thus disabled from carrying on farming operations himself, and for that reason rented the land to a third person for that season. Yet he went about the place and discovered the conditions stated at different times during the spring and summer. In fact, so far as shown by the record, all information upon this subject was received by him prior to the early days of August, 1915, and he was then fully advised of whatever fraud had been committed in the transaction by defendant. Yet no complaint was made that plaintiffs had been deceived, nor claim made that defendant had misrepresented the facts, until about the time of the commencement of the action in September, 1916, something over a year after the discovery of the alleged fraud. In addition to this failure to speak out, plaintiffs retained control of the land and rented a part of it to a third person for the season of 1916. They removed from the land in the fall of 1915, with no intention of returning. They urged defendant to "take the land back," or to sell it for them, but did not complain that they had been deceived or defrauded.

There is no sufficient explanation of the failure of plaintiffs promptly to repudiate the contract upon the discovery of the fraud, nor of their conduct in thereafter retaining control of the land and renting it for the cropping season of 1916. In view of which it must be held that plaintiff waived the right to rescind the transaction. Straabe v. Jackson, 134 Minn. 179, 158 N. W. 915.

It is not a case for final judgment. The result is not a bar to a recovery of damages for the fraud, if any was committed by defendant. Marshall v. Gilman, supra. It will be within the discretion of the court below, after the cause has been remanded, to grant an amendment of

the complaint and to permit the action to proceed as one for damages for the alleged fraud.

The order denying a new trial is reversed.