JOHN H. BLYTHE v. JAN (ALSO KNOWN AS JOHN) KUJAWA
AND OTHERS.[1]

March 28, 1929.

No. 27,178.

*Nelson & Nelson,* for appellant.

*E. W. Richter* and *Edgerton, Dohs & Edgerton,* for respondents
Kujawa.

STONE, J.

Appeal by plaintiff from an order modifying the judgment.

The action began as one for the specific performance of a contract
whereby the defendants Kujawa, husband and wife, sold and agreed
to convey to plaintiff a farm in Steele county. The contract was
made January 4, and plaintiff went into possession thereunder on

[1]Reported in 224 N. W. 464.

March 1, 1926. Of the purchase price, $500 was paid upon the execution of the contract, and $4,500 was due March 1, 1926. The balance was to be covered by purchase money note and mortgage. Because of the inability of the vendors to tender a marketable title, the $4,500 payment was not made as called for by the contract. Instead, and on February 26, 1926, it was placed with the defendant National Farmers Bank of Owatonna, which has since gone into liquidation. That explains why the bank and its receiver, H. E. Skinner, are parties defendant. By their answer, defendants Kujawa, as vendors, acknowledged the claim of plaintiff to specific performance and tendered judgment accordingly. The case went to trial, and the only contested issue was as to the status and ownership of the $4,500 escrow payment to the bank. The decision (affirmed here, 175 Minn. 88, 220 N. W. 168) was that it was a special deposit by plaintiff and remained his property.

The original decision in plaintiff's favor was made September 9, 1927. It did not adjust satisfactorily the rights of plaintiff and defendants Kujawa (from now on the latter will be referred to as though they were the only defendants) under the contract. So October 11, 1927, defendants moved for amendment of the findings and conclusions of law, among other things, to entitle plaintiff to specific performance "on paying within 30 days * * * the sum of $4,500.00 and interest * * * and delivering to" defendants a purchase money mortgage as required by the contract. The notice of motion proceeds then to ask that there be incorporated in the decision this provision: "But that in case plaintiff shall not pay * * * said sum and execute and deliver said mortgage * * * the defendants * * * are entitled to judgment canceling said contract as against the said plaintiff and declaring that said defendants Kujawa are the owners of said premises free and clear from said contract or any rights on the part of the said plaintiff thereunder." After argument that motion was granted January 20, 1928. The provision asked for by defendants, that upon 30 days' continued default by plaintiff the contract be canceled and defendants declared the owners of the premises, was included as prayed for.

Soon thereafter plaintiff abandoned the farm. A son of defendants then moved onto and cropped it during the season of 1928. His possession has been and continues that of defendants. April 7, 1928, judgment was entered (according to the record on the motion of the attorneys for the defendants) pursuant to the decision as it had been amended by the order of January 20, 1928. That judgment was, as defendants had asked that it should be, in the alternative, for a cancelation of the contract—that is, it provided that in default of the required payment by plaintiff in which he did default, the contract should stand canceled and defendants be "declared the owners of said premises free and clear from said contract, or any rights on the part of said plaintiff thereunder."

Immediately after the case was remanded to the district court, September 1, 1928, there was made the motion by defendants from the order granting which plaintiff has taken the present appeal. The motion was that the judgment, and with it the decision of the district court from which it resulted, should be amended by striking out the provisions for a cancelation of the contract upon continued default by plaintiff and inserting instead provisions giving defendants the right to specific performance against plaintiff and judgment accordingly. The order appealed from granted that relief, so that if it stands defendants may assert that plaintiff is still bound by his contract and must take back and pay for the farm notwithstanding the decision and judgment of cancelation formally asked for and obtained by defendants, and notwithstanding that the cancelation so decreed became an accomplished fact by plaintiff's abandonment of the farm and the resumption of possession by defendants.

■ The point is made that the judgment of April 7, 1928, was improperly entered. It is suggested that inasmuch as defendant Skinner, as receiver, had perfected his appeal (from an order denying him a new trial) to this court before the entry of that judgment the jurisdiction of the district court to enter it was questionable. That appeal was accompanied by a mere bond for costs. There was no supersedeas bond and in consequence no stay of proceedings in the district court preventing the entry of judgment. G. S. 1923

(2 Mason, 1927) § 9500; Scofield v. Scheaffer, 104 Minn. 127, 116 N. W. 211; Works v. Tiber, 169 Minn. 172, 210 N. W. 877.

■ The contract for deed gave to both parties, to plaintiff as vendee and to defendants as vendors, the right to specific performance. In addition it provided that upon default of plaintiff and "at the option" of defendants it might "be canceled and determined, and all right, title and interest acquired thereunder by" plaintiff as vendee be forfeited by 30 days' notice in accordance with the statute, G. S. 1923, § 9576, as amended, 2 Mason Minn. St. id. So, upon default of plaintiff as vendee (in addition to an action to recover unpaid instalments or for damages, 6 Dunnell, Minn. Dig. [2 ed.] § 10082) defendants had an election of remedies. They might have demanded either a decree of specific performance by plaintiff, or a cancelation of the contract and a forfeiture of the vendee's rights thereunder. The two remedies are inconsistent. One affirms the contract and insists upon its enforcement. The other disaffirms and if successful puts an end to the contract. 20 C. J. 14. A vendee who upon default of the vendor did not insist on having the contract performed but instead demanded its rescission and a return of her money has been held to have made such an election as to defeat her subsequent demand for specific performance by the vendor. Whalen v. Stuart, 194 N. Y. 495, 87 N. E. 819. And we have held that cancelation by a vendor defeats his right to enforce a previously rendered judgment against the vendee for instalments of the purchase price. Warren v. Ward, 91 Minn. 254, 97 N. W. 886. The proposition is simply that one cannot cancel his contract and enforce it too.

The statutory method of cancelation is one of strict foreclosure of the vendee's rights but is not exclusive of the same remedy by action. State Bank of Milan v. Sylte, 162 Minn. 72, 202 N. W. 70. If defendants had canceled their contract with plaintiff by the statutory notice and, the cancelation complete, plaintiff had abandoned the farm and defendants had resumed possession, they would have no right to undo what they themselves had done and reinstate the contract against plaintiff's protest. Moreover, no court could have

given them that right. It matters not that in this case the cancelation was by action. Only the process is different—the result remains. The cancelation is an accomplished fact. It is a "decisive act" determining their election. 20 C. J. 19. Defendants, having voluntarily chosen and carried into effect an appropriate legal remedy with knowledge of the facts and their rights, cannot now be allowed to resort to a remedy which is not only inconsistent with but must rest upon a complete negation of the grounds upon which from the first and for so long they have proceeded. Dyckman v. Sevatson, 39 Minn. 132, 39 N. W. 73.

The case is broadly distinguishable from those where a futile attempt to enforce a right or remedy which did not in fact exist was held not a bar to the enforcement of one which the party did possess. International R. & S. Corp. v. Vanderpoel, 127 Minn. 89, 148 N. W. 895; Gunderson v. Halvorson, 140 Minn. 292, 168 N. W. 8; 2 Dunnell, Minn. Dig. (2 ed.) § 2914. Neither can defendants escape the result by claiming that their election was based on a justifiable ignorance of material facts. Kraus v. Thompson, 30 Minn. 64, 14 N. W. 266. There was no discretion to relieve from an order or judgment entered through inadvertence as there was in Macknick v. Switchmen's Union of N. A. 131 Minn. 246, 154 N. W. 1099, where no election of remedies was involved. All else aside, there is no room here for relief on the ground of excusable inadvertence. The choice by defendants of the remedy of cancelation of the contract for plaintiff's continued default was first made by their motion for amended findings in October of 1927. That continued their position when the motion was granted in January of 1928. Without the slightest suggestion that it would be changed, plaintiff acquiesced and surrendered the farm. Defendants' asserted right to cancelation was confirmed and perfected by the judgment in April of 1928.

Such a course so long persisted in, particularly when its result has been a decree upon which the other party has acted, cannot be successfully charged to the ignorance of client or the inadvertence of counsel. We think there was a clear election by defendants of

the remedy of cancelation from which they cannot now withdraw, and that in consequence the order under review was erroneous.

Order reversed.