## ROSWELL C. KILLMER AND ANOTHER v. GUST F. NELSON AND ANOTHER.[1]

February 14, 1936.

No. 30,498.

*Herbert T. Park,* for appellants.
*Smith & Callahan* and *G. A. French,* for respondents.

[1]Reported in 265 N. W. 293.

Devaney, Chief Justice.

Action brought by Roswell C. Killmer and Nelle D. Killmer, appellants, against Gust F. Nelson and Ellen Nelson, respondents, to require the latter to surrender and deliver to the former certain property which Gust F. Nelson received from the estate of Alfred G. Killmer of New York.

On November 23, 1929, plaintiffs and defendants entered into a contract for deed (exhibit A) whereby defendants sold a residence in the city of Minneapolis to plaintiffs for $11,000, $5,000 of which was to be paid by plaintiffs' assuming and agreeing to pay a mortgage for that amount then on the premises, and the balance to be paid in instalments. Shortly prior to the purchase of said premises Roswell Killmer fell heir to the estate of Alfred G. Killmer of New York, and the contract was entered into in anticipation of his receiving sufficient moneys from said estate to meet the payments agreed to in the contract for deed. For various reasons the distribution of the estate was considerably delayed, and the amount thereof was materially reduced. Because of this, plaintiffs were unable to meet the payments on the contract as they matured, and on May 23, 1930, owed defendants the sum of $2,000. On that day Roswell Killmer gave to the defendants an order for $2,000 (exhibit 4) on the administrators of Alfred Killmer's estate to pay that sum to the defendants as soon as such amount was available for distribution.

On March 21, 1931, all of the payments being due and the order being unpaid, Nelson and Killmer called upon an attorney and inquired if there was some way in which Killmer could transfer to Nelson a portion of the New York estate. An assignment (exhibit C) was drawn up and executed whereby Killmer assigned all his right, claim, and interest in the New York estate to the amount of $5,000. At the same time the parties prepared an extension agreement (exhibit B) whereby defendants extended the contract for deed for a year and agreed to apply all the moneys received under the assignment on said contract, and also executed a cancellation agreement whereby the $2,000 order was canceled. It appeared that prior to the assignment to Nelson, Killmer had exe-

cuted an assignment in the sum of $6,500 to the Midland National Bank & Trust Company of Minneapolis to cover a debt owed the bank in that amount. As a consequence, litigation was had in New York to determine which assignment was entitled to priority. Thereafter, for the purpose of ending further litigation and causing a distribution of the property, Killmer, Nelson, and the Midland National Bank & Trust Company entered into a compromise agreement (exhibit D) wherein the custodian of the property was authorized by all of the parties to transfer to Nelson an undivided one-fifth interest in a note called the "Margaret Killmer note" and a fractional interest in the estate of one Thomas Livey, deceased. This is the property which appellants seek to recover on the theory (a) that the assignments (exhibits B and C) were made as additional security for the performance of the contract and did not constitute absolute assignments of a share in the estate of Alfred Killmer; and (b) that as defendants in March, 1934, had filed and served notice of cancellation of the contract for deed pursuant to L. 1933, c. 422, 3 Mason Minn. St. 1934 Supp. §§ 9576-1 to 9576-6, and on plaintiffs' default had proceeded to take testimony at the hearing therefor, the contract was terminated even though the proceedings were dismissed by the defendants before the completion thereof and before the court had entered its order.

The cause came to trial before the court without a jury, and the court found for defendants. From an order denying plaintiffs' motion for amended findings of fact and conclusions of law or for a new trial, plaintiffs prosecute this appeal.

Two questions are presented by this appeal:

(1) Are defendants the owners of the property assigned to them by the terms of plaintiffs' exhibit D, or was it assigned to them only as security?

(2) Was the contract for deed canceled by the filing and serving of notice thereof?

■ The language used in the extension agreement (exhibit B) gives some foundation for the claim that the assignment (exhibit C) was in the nature of additional security, that it was not an absolute

assignment but was in effect a chattel mortgage. Stripped of the paragraphs reciting the circumstances which led to the agreement, which have already been stated here, exhibit B reads as follows:

"And Whereas, On this day the said Nelsons and the said Killmers have had an accounting as to the amount due on said contract for a deed, and have agreed upon a plan by which it is expected that the payments due on said contract for a deed can be made, but at least some time must elapse before said payments can be made by the said Killmers to the said Nelsons on said contract, and for that reason, and as and for additional protection and security for the said Nelsons, the said Roswell C. Killmer on this day made a Deed of Assignment of his interest in the estate of Alfred G. Killmer to the said Gust F. Nelson to the amount of Five Thousand and no/100 ($5,000.00) Dollars. And as a part of the consideration for said assignment, Gust F. Nelson and his wife Ellen Nelson have promised and agreed to extend the time of payment of all the payments to be made under said contract for a deed for one (1) year from the 23rd day of March, 1931.

"It being expressly understood and agreed that all the terms and conditions of said contract for a deed shall remain as originally stated in said contract, except the time of payment, which is, under this contract and agreement, extended for the term of one (1) year from March 23, 1931.

"It being expressly understood and agreed between said parties that any moneys that the said Gust F. Nelson may receive and collect under said assignment of said Roswell C. Killmer's interest in the estate of Alfred G. Killmer, deceased, shall be credited upon said contract for a deed."

It will be noted that the agreement states that the parties have made arrangements for the making of payments by the plaintiffs, but that some time must elapse before these payments can be made, "and for that reason, and as and for additional protection and security," this agreement was entered into. Besides the use of the last quoted phrase in this agreement (exhibit B), there is nothing in the record to substantiate plaintiffs' claim that the assignment

was for security only. We do not believe that these words would justify this court in disturbing the findings of the lower court that the assignment was absolute. The words themselves and their position in that portion of the agreement set out above indicate that they might easily have been inserted as an afterthought, and might easily refer to the protection and security afforded by an absolute assignment as well as a design that the parties intended this transaction merely as security. At best, these words created an ambiguity as to the intent of the parties, which ambiguity has been resolved in favor of the defendants by the trial court, whose findings have ample support in the record.

Exhibit B lacks many of the necessary elements of a mortgage. The usual defeasance clause is absent, and there is nothing else in the instrument to indicate that the parties intended it to be anything but an absolute assignment. In that respect the instant case falls within the rule of Federal Land Bank v. Smaagaard, 192 Minn. 21, 256 N. W. 102. However, it is unnecessary to explore further into this question as the lower court has found that this agreement was intended as an absolute assignment, and this finding has overwhelming support in the record. We therefore conclude that by the terms of exhibit D, which was the compromise agreement executed by all the parties then in litigation in the New York court, the defendants received the property for and in place of the $5,000 assignment (exhibits B and C), which assignment had not been given as security but as payment of the amounts due Nelson on the contract; therefore the defendants became the absolute owners of the property allotted to them by the terms of this compromise agreement, and plaintiffs were entitled to $5,000 credit on the amounts owed on the contract.

■ We believe that the dismissal of the proceedings to cancel the contract was timely and effective, and therefore the contract for deed has never been canceled. L. 1933, c. 422, § 2, reads as follows:

"When default is made in the conditions of any contract for the conveyance of real estate, or any interest therein, whereby the vendor has a right to terminate the same, he may do so by serving upon the purchaser, his personal representatives or assigns, either

within or without the state, a notice specifying the conditions in which default has been made, and stating that at a time specified, not less than forty days after the service of said notice, he will apply to said court for an order adjudging said contract terminated, unless prior thereto the purchaser, his personal representatives or assigns, shall comply with and perform the conditions then in default and pay the costs of service. * * *

"If within the time mentioned in said notice within which the vendee, his personal representatives or assigns must perform the conditions in default, the vendee complies with such conditions and pays the costs of service, the contract shall remain in full force and effect; but if the vendee fails or neglects to perform the conditions in default within the time mentioned in said notice for such performance and to pay the costs of service, and fails to serve written objections to the termination of such contract upon the vendor, within fifteen days after service of notice on the vendee, the court shall, upon motion of the vendor, and proof of service of said notice, and in the absence of any appearance upon behalf of the vendee, make its order adjudging such contract terminated and said contract shall, thereupon forthwith, be and become finally terminated."

This section was enacted to give further protection to the purchasers of property by contract. If the vendees were in the position of desiring to pay the balance due on the contract, it could hardly be claimed that they were foreclosed of this right when the vendors with permission of the court had dismissed the proceedings before obtaining an order from the court terminating the contract. The fact that here the vendees had defaulted does not alter the situation. The statute provides that the court shall "make its order adjudging such contract terminated and said contract shall, thereupon forthwith, be and become finally terminated." The very terms of the statute make it clear that the contract is terminated only upon the entry of an order to that effect. Until this order is made the contract is not terminated. Here the order has not been made, and the contract is still in force. The contention that defendants could not dismiss the proceedings is unsound.

The order appealed from is affirmed.