**Franklin KOSBAU, et al., Respondents,**

v.

**George DRESS, et al., Appellants.**

**No. C9–86–480.**

Court of Appeals of Minnesota.

Jan. 27, 1987.

Richard L. Diamond, Estes, Parsinen & Levy, Minneapolis, for respondents.

David L. Graven, Holmes & Graven, Chartered, Minneapolis, for appellants.

Heard, considered and decided by HUSPENI, P.J., and SEDGWICK and LANSING, JJ.

## OPINION

SEDGWICK, Judge.

In this declaratory judgment action, the trial court granted partial summary judgment for respondents, ruling that appellants' attempted revocation of their notice of cancellation of the parties' contract for deed was ineffective, and that the contract had been canceled. We reverse and remand.

## FACTS

In December 1983, appellants, as sellers, and respondents, as buyers, entered into a contract for deed for the sale of approximately 5000 acres of undeveloped farmland in Aitkin County. In August 1984, respondents requested that appellants release acreage to them so they could obtain financing. Appellants refused.

Respondents failed to make a payment due under the contract on December 1, 1984. On January 22, 1985, appellants served them with a 60–day notice of cancellation under Minn.Stat. § 559.21 (1984). Respondents then sued appellants, in an action prior to this one, alleging that their downpayment entitled them to a release of acreage under the contract. Pursuant to Minn.Stat. § 559.211, subd. 1 (1984), respondents obtained a temporary restraining order and then a temporary injunction against further proceedings pursuant to the notice of cancellation.

In a judgment entered May 23, 1985, the court held for appellants and terminated the temporary restraining order and preliminary injunction. The judgment further provided:

> Pursuant to Minn.Stat. § 559.211 (1984) the contract for deed * * * shall terminate on the expiration of 15 days after the entry of this Order, unless plaintiffs [respondents] cure the default pursuant to applicable law.

Minn.Stat. § 559.211, subd. 1 (1984), states:

> If a temporary restraining order or injunction is granted pursuant to this subdivision, the contract shall not terminate until the expiration of 15 days after entry of the * * * decision dissolving * * * the temporary restraining order or injunction.

Before 15 days had expired, however, appellants notified respondents that they were "rescinding and revoking" the notice of cancellation, and demanded payment of the amounts owing under the contract. Respondents then brought this suit, seeking a declaration that the contract is terminated and that they therefore owe no money under it, and $600,000 for unjust enrichment based on improvements to the property. Appellants counterclaimed for the amounts due under the contract.

Both parties moved for summary judgment. The trial court granted partial summary judgment for respondents, ruling that the contract was terminated. It concluded:

> [P]ursuant to Minn.Stat.Ann. Sec. 559.21, the vendor may not waive, cancel or retract a notice of cancellation once it has

been duly served and further ordered by the court. Moreover, this court finds that [respondents] detrimentally relied on [appellants'] notice of cancellation and that [appellants] have effectively elected their remedy of canceling the contract. The contract is deemed canceled pursuant to the court's May 23, 1985 order.

The trial court ordered judgment entered solely on the contract cancellation issue under Minn.R.Civ.P. 54.02. This appeal is from the partial summary judgment.

## ISSUE

Did the trial court err in holding that appellants could not revoke their statutory notice of cancellation of deed?

## ANALYSIS

In reviewing a grant of summary judgment, this court must determine whether there are any genuine issues of material fact, and whether the trial court erred in its application of the law. *Greyhound Lines, Inc. v. First State Bank*, 366 N.W.2d 354, 356 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. June 27, 1985). This court need not defer to the trial court on issues of law. *Id.* Since the trial court relied solely on documentary evidence, we need not defer to it on issues of fact. *Gaalswyck v. General Casualty Co.*, 372 N.W.2d 435, 437 (Minn.Ct.App.1985), *pet. for rev. denied* (Minn. Oct. 24, 1985).

■ When a buyer under a contract for deed defaults, the seller has his option of remedies. He can sue on the contract for specific performance (as appellants are doing here). *See Wayzata Enterprises, Inc. v. Herman*, 268 Minn. 117, 119, 128 N.W.2d 156, 158 (1964). Alternatively, he can cancel the contract, either by suing for a judicial termination or by giving statutory notice of termination under Minn.Stat. § 559.21. *Miller v. Snedeker*, 257 Minn. 204, 219–20, 101 N.W.2d 213, 225 (1960). Specific performance and cancellation are inconsistent remedies because the former assumes and affirms a contract while the latter denies or unmakes it. *See North-*

*western State Bank v. Foss*, 293 Minn. 171, 177, 197 N.W.2d 662, 665 (1972).

■ If the seller chooses to cancel the contract, he cannot recover payments due under the contract. *Wayzata*, 268 Minn. at 119, 128 N.W.2d at 158. The buyer forfeits payments already made under the contract. *Andresen v. Simon*, 171 Minn. 168, 172, 213 N.W. 563, 564–65 (1927). However, the buyer may bring an action for unjust enrichment to recover the value of improvements to the property if he can show fraud, mistake, or moral wrongdoing by the seller. *See, e.g., Fort Dodd Partnership v. Trooien*, 392 N.W.2d 46 (Minn.Ct.App. 1986).

Appellants' position is that a seller under a contract for deed may withdraw his statutory notice of cancellation as long as the redemption period has not expired. Respondents argue that a seller cannot unilaterally withdraw such a notice, and that under the facts of this case appellants are precluded from enforcing the contract because they have elected their remedy of cancellation. Analysis of these positions requires consideration of the statutory notice of cancellation provisions and the common law doctrine of election of remedies.

### I.

Although the redemption period in effect when appellants served their attempted revocation was technically provided for by a judgment pursuant to Minn.Stat. § 559.211, subd. 1, it was merely an extension of a redemption period created pursuant to Minn.Stat. § 559.21. Accordingly, the parties' rights will be analyzed under the provisions of § 559.21.

■ The statute in effect when appellants served their notice of cancellation provided, in part, as follows:

When default is made in the conditions of any contract for the conveyance of real estate * * * whereby the vendor has a right to terminate the same, he may do so by serving upon the purchaser * * * a notice specifying the conditions in which default has been made, and stating that

the contract will terminate * * * 60 days after service * * * unless prior thereto the purchaser complies with the conditions and makes all payments due * * * under the contract [plus other costs, taxes, and fees as applicable].

Minn.Stat. § 559.21, subd. 2 (1984).

The statute provided a form of notice, used by appellants, which states, in part:

This notice is to inform you that by this notice the seller has begun proceedings under [Minn.Stat. § 559.21] to terminate your contract for deed for the reasons specified in this notice. The contract will terminate [60] days after [service] unless before then the [seller] receives from you the amount this notice says you owe plus any additional amounts due * * *; or unless before then you secure from a * * * court an order that the termination of the contract be suspended until your claims or defenses are finally disposed of by trial, hearing or settlement. * * * *If you do not do one or the other of the above things within [60 days], your contract will terminate at the end of the period* * * *.

*Id.*, subd. 3(b) (emphasis added).

Finally, the statute provided:

If, within the time period mentioned, the person served complies with the conditions and, * * * makes all payments due and owing to the vendor * * * the contract shall be thereby reinstated; *but otherwise shall terminate.*

*Id.*, subd. 4 (emphasis added).

Although the statute does not explicitly provide for the revocation of cancellation notices, we do not believe it was intended to preclude sellers from doing so. The statute was designed primarily to protect the rights of buyers under contracts for deed by abrogating the common-law rule which allowed a seller to declare a forfeiture upon a breach by the buyer, without giving the buyer time to cure. *See, e.g., Conley v. Downing,* 321 N.W.2d 36, 39 (Minn.1982); *Tarpy v. Nowicki,* 286 Minn. 257, 262, 175 N.W.2d 443, 447 (1970) (quoting *Mathwig v. Ostrand,* 132 Minn. 346, 348, 157 N.W. 589, 589 (1916)). In light of this, we believe that the statute's silence as to the rights of sellers to revoke notices of cancellations should not be considered as denying them that right; rather, we believe the statute does not address this issue. We find no reason to deny appellants the right to revoke their notice of cancellation based on Minn.Stat. § 559.21.

In deciding that the statute does not allow sellers to withdraw cancellation notices, the trial court relied in part on the following language from *Wayzata:*

When notice of cancellation is served pursuant to § 559.21, *the vendee has his option* within the 30-day period provided by the statute to make good the default or to permit the cancellation to become effective.

268 Minn. at 119, 128 N.W.2d at 158 (emphasis added). That language is dicta, however, since the court was not deciding whether a cancellation notice could be withdrawn. In *Wayzata,* the buyer had stopped payment on a check it had sent to seller as payment under their contract for deed, and the issue was whether seller could recover on the check. *Id.* at 118–19, 128 N.W.2d at 157–58.

Appellants find support for their position in *Killmer v. Nelson,* 196 Minn. 420, 265 N.W. 293 (1936). In *Killmer,* plaintiffs sued to recover certain notes that had been assigned to defendants as payment under their contract for deed on the ground that the contract had been canceled by defendants.

The statute in effect at that time provided that if the buyer did not cure within 40 days of receiving notice of cancellation

the court shall, upon motion of vendor, * * * make its order adjudging such contract terminated and said contract shall, thereupon forthwith, be and become finally terminated.

*Id.* at 425, 265 N.W. at 295. Defendants had served a statutory notice and began offering evidence at a hearing, but they dismissed the proceedings before obtaining an order terminating the contract. Plaintiffs argued that the contract for deed had

been canceled because of the service of notice and the hearing.

The supreme court rejected that argument:

> The very terms of the statute make it clear that the contract is terminated only upon the entry of an order to that effect. Until this order is made, the contract is not terminated. Here the order has not been made, and the contract is still in force.

*Id. Killmer* suggests that the statute does not preclude a seller from stopping cancellation proceedings as long as the contract has not been finally terminated.

█ In the absence of facts which justify application of the election of remedies doctrine, therefore, we hold that a seller under a contract for deed may withdraw a statutory notice of cancellation before the redemption period has expired. Other states with similar statutes have also concluded that such notices can be rescinded. *See Johnson v. Gray*, 251 N.W.2d 923 (N.D. 1977); *Gruskin v. Fisher*, 405 Mich. 51, 273 N.W.2d 893 (1979).

## II.

█ The doctrine of election of remedies applies where a party adopts one of two or more inconsistent remedies. *Hardware Mutual Casualty Co. v. Ozmun*, 217 Minn. 280, 287, 14 N.W.2d 351, 355 (1944). It is a form of estoppel; its purpose is not to prevent recourse to a potential remedy but to prevent double redress for a single wrong. *First National Bank v. Flynn*, 190 Minn. 102, 106–07, 250 N.W. 806, 808 (1933).

Generally, a party is not bound by an election

> unless he has pursued the chosen course to a determinative conclusion or has procured advantage therefrom, or has thereby subjected his adversary to injury.

*Id.* at 107, 250 N.W. at 808; *see also Yellow Manufacturing Acceptance Corp. v. Handler*, 249 Minn. 539, 547, 83 N.W.2d 103, 108 (1957). None of these requirements has been satisfied here.

### (a). *Determinative conclusion.*

█ In light of our holding that the statute does not prohibit withdrawing a notice of cancellation, appellants have not pursued the remedy of cancellation to a determinative conclusion, since the redemption period had not expired when they attempted to rescind the notice.

### (b). *Injured adversary.*

The trial court found that respondents had detrimentally relied on the notice but did not specify how. Respondents' complaint alleges that they notified appellants that they "had taken all reasonable steps to withdraw from possession of the property and remove their equipment and harvested crops." One of the respondents explains this allegation in an affidavit as follows:

> [O]nce the permanent injunction was denied * * *, we made immediate arrangements to vacate the possession of the property, and remove our equipment from the property. Accordingly, we at all times relied upon the decision by Defendants to cancel the Contract for Deed.

These vague assertions are factually insufficient to justify holding appellants to an election of remedies.

Nor do we believe that a finding of detrimental reliance can be based on appellants' position in the prior suit between the parties. Appellants were not seeking a judicial termination of the contract in that suit; rather, they were defending against a claim by respondent which turned out to be meritless.

### (c). *Procuring advantage.*

The trial court found that appellants procured an advantage in the five months between the notice and attempted revocation by "observing land values and studying the real estate market." Even if true, this is not an "advantage" which would constitute an election of remedies. The fact that it is economically advantageous for a seller to revoke a notice of cancellation is not a reason to preclude him from doing so.

Respondents argue that appellants obtained an advantage by winning the prior trial. However, that was a result of respondents suing them over a meritless claim, not of appellants pursuing the remedy of cancellation.

The trial court relied heavily on *Blythe v. Kujawa,* 177 Minn. 79, 224 N.W. 464 (1929), in deciding that appellants had elected their remedy of cancellation. In *Blythe,* a buyer under a contract for deed sued for specific performance after sellers failed to deliver marketable title. Sellers consented to judgment on the specific performance issue.

Sellers later successfully moved to amend the decision to state that buyers were entitled to specific performance provided they made a payment and delivered a mortgage as required by the contract, and that if they failed to do so, "[sellers] are entitled to judgment canceling [the] contract." *Id.* at 80, 224 N.W. at 464. Soon after sellers' motion was granted, buyer abandoned the farm. Sellers' son took possession and cropped it during that season.

Sellers later successfully moved to amend the judgment to replace the language providing for cancellation upon buyers' default with language giving sellers the right to specific performance. The supreme court reversed the order amending the judgment, holding that sellers had elected the remedy of cancellation and were precluded from seeking specific performance.

> [If the order] stands [sellers] may assert that [buyer] is still bound by his contract and must take back and pay for the farm notwithstanding the decision and judgment of cancelation formally asked for and obtained by [sellers], and notwithstanding that the cancelation so decreed became an accomplished fact by [buyer's] abandonment of the farm and the resumption of possession by [sellers].
>
> \*   \*   \*   \*   \*   \*
>
> \* \* \* If [sellers] had canceled their contract with [buyer] by the statutory notice and, the cancelation complete, [buyer] had abandoned the farm and

[sellers] had resumed possession, they would have no right to undo what they themselves had done and reinstate the contract against [buyer's] protest.

177 Minn. at 81–82, 224 N.W. at 465.

A crucial distinction between *Blythe* and this case is that there the buyer had abandoned the land and the sellers retook possession. Cancellation had become an "accomplished fact." *Id.* at 81, 224 N.W. at 465. That is not the case here.

### DECISION

The trial court erred in granting partial summary judgment in favor of respondents cancelling the contract for deed. Minn. Stat. § 559.21 does not preclude a seller from rescinding a notice of cancellation prior to the end of the redemption period, and respondents have not shown facts sufficient to justify holding appellants to an election of remedies.

Reversed and remanded.