**SUMMIT HOUSE CO., et al., Appellants,**

v.

**Bruce A. GERSHMAN, et al., Respondents.**

**No. C2–93–50.**

Court of Appeals of Minnesota.

July 13, 1993.

J. Marquis Eastwood, Michael J. Wahoske, Dorsey & Whitney, Minneapolis, for Summit House Co., et al.

Gerald T. Carroll, Carroll & Leighton, P.A., Minneapolis, for Bruce A. Gershman, et al.

Considered and decided by ANDERSON, C.J., and FORSBERG and KLAPHAKE, JJ.

## OPINION

ANDERSON, Chief Judge.

Appellant seeks review of the district court's denial of its motion for an order that judgment has been satisfied by a sheriff's sale of the property and the award of attorney fees to respondents. We affirm.

## FACTS

In 1986, respondents Bruce and Karen Gershman (Gershmans) entered into a contract for deed to sell their condominium to appellant Summit House Co., a Minnesota general partnership consisting of Melvin C. Gittleman and Donald W. Anderson (Summit). The contract required Summit to make a balloon payment on October 31, 1987. On September 10, 1987, with the market value of condominiums declining, Summit sued to terminate the contract. The Gershmans counterclaimed for specific performance of the contract and were awarded summary judgment in the amount of $107,605.25. The district court stated the Gershmans were to convey the property to Summit upon payment of the judgment.

Summit failed to pay the judgment. The Gershmans proceeded to levy execution on Summit's contract for deed vendee's interest in the condominium and purchased that interest for $73,130.18 at a sheriff's sale on February 22, 1991. Summit failed to bid at the sheriff's sale and failed to redeem the condominium within the one-year redemption period provided by Minn.Stat. § 550.25 (1990). On May 14, 1992, Summit moved for an order that the judgment had been satisfied by the sheriff's sale. The district court denied Summit's motion, concluding the execution sale had not canceled the contract.

The district court held the judgment against Summit for $107,605.25 was only partially satisfied by the sheriff's sale of the condominium for $73,130.18, and that Summit still owed the Gershmans $34,475.07, the balance of the judgment. The district court stated there is no reason why the Gershmans should be treated differently from any other creditor. It noted the sheriff's sale was an execution on a money judgment and that Summit had a full year to redeem its contract for deed vendee's interest, but failed to exercise that option. The district court held that Summit would be entitled to a satisfaction of the judgment under Minn.Stat. § 548.15 (1990) as soon as it satisfied the balance of the judgment.

The district court awarded the Gershmans $1,875 in attorney fees pursuant to Minn.Stat. § 549.21, subd. 2 (1990), holding the arguments made by Summit in its motion were without merit, frivolous, and were intended to harass the Gershmans.

## ISSUES

1. Did the Gershmans' execution on Summit's contract for deed vendee's interest at a sheriff's sale, after having obtained a judgment for specific performance of the contract for deed, constitute a cancellation of the contract for deed that satisfied the judgment?

2. Did the district court err by granting the Gershmans' motion for attorney fees?

## ANALYSIS

■ Whether a seller's judgment for specific performance on a contract for deed has been satisfied and the contract canceled is a question of law and is reviewed by this court de novo. *Kosbau v. Dress*, 400 N.W.2d 106, 108 (Minn.App.1987). A reviewing court is not bound by a district

court's determination of a purely legal issue. *See Frost–Benco Elec. Ass'n v. Minnesota Pub. Util. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984).

### 1. *Satisfaction of the judgment*

■ A contract for deed vendor has a choice of remedies when the contract for deed vendee defaults on the contract. *Kosbau,* 400 N.W.2d at 108. The vendor may either seek specific performance on the contract or may cancel the contract. *Id.* The doctrine of election of remedies is designed to prevent double recovery for a single wrong, and therefore the vendor cannot seek both specific performance and contract cancellation. *Covington v. Pritchett,* 428 N.W.2d 121, 124 (Minn.App. 1988). A contract can be canceled either by judicial termination or by statutory cancellation under Minn.Stat. § 559.21 (1990). *Blythe v. Kujawa,* 177 Minn. 79, 224 N.W. 464 (1929); *Kosbau,* 400 N.W.2d at 108.

■ The Gershmans chose the remedy of specific performance in response to Summit's attempt to rescind the contract. The district court entered a judgment in favor of the Gershmans' claim for specific performance. By pursuing specific performance to a determinative conclusion, the Gershmans chose not to cancel the contract, but to affirm it. *See id.*

Summit claims the Gershmans, by executing on Summit's interest in the condominium at the sheriff's sale, obtained all that they were equitably entitled to under the contract for deed. It argues that, because the Gershmans have resold the property, they would be unable to convey title to Summit in the event that Summit satisfied the balance of the judgment. Summit further argues that paragraph 5 of the district court's order of November 30, 1988 requires the Gershmans to convey the condominium to Summit upon payment of the judgment in full. This argument fails because it ignores the sequence of events which led to the execution sale.

Had Summit satisfied the money judgment prior to the sheriff's sale, it would have retained the right to receive title to the condominium. Summit's failure to pay the judgment forced the Gershmans to seek satisfaction of the judgment at an execution sale which netted less than the amount of the judgment. Summit had the opportunity to bid for the condominium at the sheriff's sale and could have exercised its right to redeem the condominium within the statutory period of one year from the date of sale. It failed to pursue either option. Once the execution sale took place in an attempt to satisfy a money judgment and the condominium was not redeemed within the one-year redemption period, the action was taken out of the context of a contract for deed. It then became an action to enforce a money judgment.

Summit argues that because the Gershmans reacquired the property as a result of the sheriff's sale, the contract was canceled and the judgment has been satisfied. We disagree. Summit has provided no authority to support its contention that the sheriff's execution sale, which was to enforce a money judgment against a defaulting buyer on a contract for deed, cancels the contract which formed the basis of the money judgment.

Summit's reliance on *Warren v. Ward,* 91 Minn. 254, 97 N.W. 886 (1904), in support of its argument is misplaced. In *Warren,* after obtaining a default judgment on delinquent installment payments, the vendor sued to recover the property by enforcing a forfeiture provision in the contract. *Id.* at 257, 97 N.W. at 886. In contrast, the Gershmans never attempted to recover the condominium. They sought and obtained a money judgment in an action for specific performance of the contract. It was only after that judgment went unsatisfied by Summit that the Gershmans obtained an execution sale on the condominium in an attempt to satisfy its judgment. The Gershmans reacquired the condominium at a public sale in partial satisfaction of its judgment. Anyone, including Summit, could have bid for the property at that sale.

To hold that the Gershmans' judgment for specific performance was satisfied because they bought the condominium at an open sheriff's sale after Summit refused to satisfy the judgment would be an incongru-

ous result. Such a result would in effect eliminate specific performance as a viable remedy for a contract for deed vendor and eviscerate the election of remedies doctrine. The choice of remedies would be effectively eliminated if the vendor knew that the vendee could simply refuse to pay a money judgment and force the seller to accept the return of the property as full satisfaction of the judgment. Summit asks us to hold, in effect, that cancellation of the contract and the return of the property is the vendor's only remedy against the defaulting vendee. We agree with the district court and refuse to follow that line of reasoning.

### 2. *Award of attorney fees*

The district court, after conducting numerous proceedings in this case, awarded the Gershmans attorney fees under Minn. Stat. § 549.21, subd. 2 (1990). The court held Summit's motion for an order that the judgment was satisfied was without merit, frivolous, and was intended to harass the Gershmans.

■ An award of attorney fees will not be upset on review unless the district court abused its discretion. *Radloff v. First Am. Nat'l Bank*, 470 N.W.2d 154, 156 (Minn.App.1991), *pet. for rev. denied* (Minn. July 24, 1991). In light of the fact that Summit has asserted an interpretation of the law which is contrary to existing law, the district court's finding that Summit's motion was frivolous, without merit, and intended to harass the Gershmans was not an abuse of discretion. The award of attorney fees by the district court is upheld. We decline to assess costs or attorney fees for the appeal.

### DECISION

The district court properly denied Summit's motion for an order that the judgment was satisfied by the sheriff's execution sale. The district court acted within its discretion by awarding attorney fees.

**Affirmed.**