STATE of Minnesota, By Warren SPANNAUS, its Attorney General, petitioner, Appellant,

v.

LUTSEN RESORTS, INCORPORATED, et al., Melvin LeRoy Lingwall, et al., defendants, Respondents,

Horace A. Lamb, et al., Respondents.

No. 51164.

Supreme Court of Minnesota.

Sept. 25, 1981.

Warren Spannaus, Atty. Gen. and Lloyd J. Moosbrugger, Asst. Atty. Gen., St. Paul, Arthur O. Anselmo, Sp. Asst. Atty. Gen., Duluth, for appellant.

Melvin LeRoy Lingwall and Ruth E. Lingwall, pro se.

Horace A. and Linda M. Lamb, Lambs Campground & Resort, Schroeder, for respondents.

WAHL, Justice.

The State of Minnesota appeals from an order of the district court dismissing its petition to condemn an advertising sign owned by respondents Lambs and located on land belonging to respondents Lingwalls. The single narrow issue is whether the proposed condemnation denied Lambs equal protection of the laws or violates established principles of equity. We conclude that it does not and, therefore, we reverse and remand for further proceedings.

Horace and Linda Lamb operate Lamb's Campground in Cook County, Minnesota. They advertise the campground by various signs including at least one adjacent to Trunk Highway 61, a designated scenic highway. The sign is owned by the Lambs but is situated on land belonging to relatives, Melvin and Ruth Lingwall. Lambs stated that Lingwalls have given them a lifetime oral lease allowing maintenance of the sign. No part of the campground activities is conducted on the land bearing the sign. The area is not zoned for business or commercial use.

The State of Minnesota operates a campground nearby in Temperance River State Park. It has placed several brown and white signs adjacent to Trunk Highway 61 on property that is neither part of the campground nor zoned for commercial use. One sign states "Campground ½ mile on left." Two others read "Campground" with an arrow indicating the direction to turn.

The Minnesota Outdoor Advertising Control Act, c. 883, 1971 Minn.Laws 1779, excludes advertising devices from areas adjacent to scenic highways subject to certain exceptions. Minn.Stat. § 173.08 (1980).

The commissioner of transportation is authorized to acquire signs that do not fall within the exclusions by gift, purchase or eminent domain. Minn.Stat. § 173.05 (1980). It is undisputed that the Lambs' sign is nonconforming, and following an unsuccessful effort to purchase the sign, the State commenced these condemnation proceedings. The Lambs opposed the acquisition on the ground that it denied them equal protection and was otherwise unfair because of the State's continued maintenance of its own nonconforming signs. The trial court agreed and dismissed the petition.

■ Essential to a ruling that equal protection has been denied by discriminatory administration of the laws is a finding that the persons treated disparately are similarly situated. *See City of Minneapolis v. Buschette*, 307 Minn. 60, 240 N.W.2d 500 (1976). We cannot agree with the district court that such a finding can be made here. The statute which admittedly eliminates Lambs' sign makes an exception for signs such as the State's. Minn.Stat. § 173.08, subd. 1(a) (1980) permits erection and maintenance of "[d]irectional and other official signs, including, but not limited to, signs pertaining to natural wonders, scenic and historical attractions, which are required or authorized by law." "Directional signs" are fully defined in Minn.Stat. § 173.02, subd. 6(d) (1980) as "publicly owned signs containing directional information about public places owned or operated by federal, state, or local governments or their agencies, publicly or privately owned natural phenomena, historic, cultural, education, and religious sites, and areas of natural scenic beauty or naturally suited for outdoor recreation, deemed to be in the interest of the traveling public." In our view, the State's signs here at issue are incontrovertibly "directional signs" entitled to remain adjacent to scenic areas by the terms of the statute. For this reason there has been no discriminatory enforcement of the statute. Since Lambs did not argue that the legislative classification is improper, our decision that such a classification exists is dispositive.

■ The trial court alternatively determined that equity would not countenance exercise of eminent domain power under these circumstances. We are unaware of any equitable principle requiring that conclusion. Moreover, in light of available alternate sign sites and recent legislation authorizing placement of resort or recreational camping area signs by the commissioner of transportation, Minn.Stat. §§ 160.-292–.296, we are not persuaded that the Lambs have been treated unfairly.

Reversed and remanded.