**John P. BLAKE, Petitioner, Respondent,**

v.

**COMMISSIONER OF PUBLIC SAFETY, Appellant.**

No. C4–85–1221.

Court of Appeals of Minnesota.

Oct. 15, 1985.

Faison T. Sessoms, Minneapolis, for respondent.

Hubert H. Humphrey, III, Atty. Gen., Jeffrey S. Bilcik, Sp. Asst. Atty. Gen., St. Paul, for appellant.

Considered and decided by POPOVICH, C.J., and WOZNIAK and HUSPENI, JJ., with oral argument waived.

## SUMMARY OPINION

POPOVICH, Chief Judge.

### FACTS

On January 30, 1985, respondent John P. Blake was arrested for driving while intoxi-

cated. He was read the implied consent advisory which stated that respondent could not consult with an attorney until after submitting to testing for purposes of determining his blood alcohol content.

After testing, respondent's license was revoked, and he petitioned for judicial review. At the hearing, he stipulated to all issues except the right to consult with an attorney prior to testing.

The trial court took judicial notice of the fact that some municipalities in Hennepin County and some northern Minnesota counties were continuing to follow the prior law, and were advising drivers of their right to consult an attorney prior to deciding whether to submit to chemical testing.

The trial court rescinded the revocation of respondent's driving privileges on two grounds: The court of appeals' decision in *Nyflot v. Commissioner of Public Safety,* 365 N.W.2d 266 (Minn.Ct.App.1985), and an equal protection theory.

## OPINION

 1. A driver who is arrested for driving while intoxicated has no statutory or constitutional grounds to consult with counsel before deciding whether to submit to a chemical test. *Nyflot v. Commissioner of Public Safety,* 369 N.W.2d 512, 517 (Minn.1985). Respondent contends appellant did not object to the court's ruling, and therefore waived this issue on appeal. However, the transcript shows that appellant did argue against respondent's position. Respondent's argument has no merit.

2. The trial court also ruled the revocation of respondent's driving privileges was rescinded on equal protection grounds, based on the theory that drivers in some Minnesota counties were being advised they had the right to consult an attorney prior to chemical testing, and respondent was not so advised. Respondent argues that he was denied equal protection because he was not advised of a right he did not have, when others were advised incorrectly of a right they also did not have.

 A denial of equal protection can arise out of discriminatory administration of the laws. *State v. Lutsen Resorts, Inc.,* 310 N.W.2d 495, 497 (Minn.1981). Neither respondent nor the other motorists had a right to counsel prior to testing under constitutional or statutory law. *Nyflot,* 369 N.W.2d at 517. No law existed which could have been discriminatorily administered against respondent.

## DECISION

The trial court's decision is reversed. Respondent had no constitutional or statutory right to consult counsel prior to testing. He was not denied equal protection of the law.

Reversed.