**In the Matter of the Variance Request of Waldo and Judith JOHNSON, Applicants.**

No. CX–86–1931.

Court of Appeals of Minnesota.

April 21, 1987.

Larry B. Stevens, Roseville, for Johnsons.

Robert G. Briggs, Stillwater, for Town of Forest Lake.

Douglas G. Swenson, Stillwater, for Washington County.

Considered and decided by LESLIE, P.J., and SEDGWICK and HUSPENI, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

Waldo and Judith Johnson seek review by certiorari of local authorities' denials of

their applications for zoning variances. We affirm.

## FACTS

On March 21, 1986, the Johnsons purchased a lakefront lot in the Town of Forest Lake, Washington County. The lot, described as Lot 6, was previously owned by Brian and Renee Patterson, who also own the adjoining Lot 7. The lots are in an area zoned to permit single-family homes only. Neither lot meets minimum size requirements for building.

When the Pattersons originally purchased the two lots in 1983, their single-family home straddled the line dividing Lots 6 and 7. When they received a building permit to relocate the home entirely on Lot 7, they were told that the zoning ordinance prohibited considering Lot 6 as a separate lot for building purposes because the lots were undersized. This prohibition is contained in both the Town and County zoning ordinances:

> If in a group of two or more contiguous lots or parcels of land owned or controlled by the same person, any individual lot or parcel does not meet the full width or area requirements of this Ordinance, such individual lot or parcel cannot be considered as a separate parcel of land for purposes of sale or development, but must be combined with adjacent lots or parcels under the same ownership so that the combination of lots or parcels will equal one or more parcels of land each meeting the full lot width and area requirements of this Ordinance.

Forest Lake Township Zoning Ordinance § 602.02, subd. 4; Washington County Zoning Ordinance § 602.02, subd. 4; Washington County Shoreland Management Ordinance § 501.03.

The Pattersons nevertheless twice requested variances from both Forest Lake and Washington County to build another home on Lot 6. Washington County denied the last request on October 15, 1985. The Pattersons then sold Lot 6 to the Johnsons in violation of § 602.02, subd. 4. The Johnsons admit that when they bought Lot 6, they knew the Pattersons had been denied

variances by Forest Lake and Washington County "based on their ownership of contiguous lots and the requirement that said lots be combined for development."

On May 27, 1986, the Johnsons applied to Forest Lake for a variance to enable them to build a home on Lot 6. The Town's zoning ordinance requires a minimum lot size of 15,000 square feet, and minimum lot widths of 75 feet at the lake and at the road; Lot 6 is approximately 8,607 square feet, 60 feet wide at the lake and 50 feet wide at the road. The Johnsons' application, however, requested a variance from § 602.02, subd. 4, rather than from the lot size requirements.

The Forest Lake Planning Commission unanimously recommended denying the application. The Forest Lake Board of Supervisors, after a public hearing, denied it.

The Johnsons then applied to Washington County for a variance from the identical § 602.02, subd. 4, of the County zoning ordinance. Washington County's zoning ordinance and shoreland management ordinance contain the same lot size and width restrictions as the Town's ordinance.

The Washington County Planning Department recommended denying the application. The Washington County Board of Adjustments and Appeals held two public hearings on it. After the first hearing, the Johnsons' attorney sent the County Board a letter stating that § 602.02, subd. 4, was irrelevant to their application (despite the fact their application requested a variance from it), since Lots 6 and 7 are no longer owned by the same person. The County Board denied the Johnsons' application.

The Town and County boards issued nearly identical findings of fact explaining their denials:

> [T]he sale of Lot 6 * * * was in violation of Section 602.02(4) * * *.
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> [N]o hardship exists to justify the granting of the variance, as any hardship was created by the conveyance of the lot in contravention of section 602.02(4) * *. [P]rior to the unlawful conveyance, * * * Lot 6 * * * could be put to reasonable

use under the conditions allowed by the official controls. * * * [T]here are no circumstances unique to the property that would create a hardship * * *.

## ISSUE

Did the Town and County act lawfully in denying petitioners' variance applications?

## ANALYSIS

### A. *Standard of review.*

This court's role is to determine whether the local authorities' actions were reasonable. *VanLandschoot v. City of Mendota Heights,* 336 N.W.2d 503, 508 (Minn.1983). This involves determining whether the actions were

arbitrary and capricious, or whether the reasons assigned * * * do not have "the slightest validity" or bearing on the general welfare of the immediate area * * * or whether the reasons given * * * were legally sufficient and had a factual basis.

*Id.* (citations omitted). Not all of the reasons stated need be legally sufficient and supported by the record. *Hubbard Broadcasting, Inc. v. City of Afton,* 323 N.W.2d 757, 765 n. 4 (Minn.1982).

■ A local authority has broad discretionary power to deny an application for variances. *VanLandschoot,* 336 N.W.2d at 508–09. Since a variance enables a landowner to use property in a manner forbidden by the zoning ordinance, an applicant has a heavy burden to show that approval is appropriate. *Luger v. City of Burnsville,* 295 N.W.2d 609, 612 (Minn.1980).

### B. *Undue hardship.*

Minn.Stat. § 462.357, subd. 6 (1986), gives municipalities the power to grant variances to zoning ordinances where strict enforcement would cause "undue hardship." *VanLandschoot,* 336 N.W.2d at 507. "Undue hardship" means

the property in question cannot be put to a reasonable use if used under conditions allowed by the official controls, the plight of the landowner is due to circumstances *unique to the property not created by the landowner,* and the variance,

if granted, will not alter the essential character of the locality.

Minn.Stat. § 462.357, subd. 6(2) (emphasis added).

■ One of the reasons cited by the Town and County for denial of the Johnsons' variance is that any hardship which exists was created by the sale of Lot 6 in violation of § 602.02, subd. 4, and is not due to circumstances unique to the property. This is legitimate grounds for denying the variance.

The Johnsons had actual knowledge that zoning ordinances prohibited the sale or development of Lot 6 when they purchased it. In *Hedlund v. City of Maplewood,* 366 N.W.2d 624 (Minn.Ct.App.1985), this court held that where a landowner purchases property with actual or constructive knowledge that the desired use is prohibited by zoning restrictions, the hardship is "created by the landowner" and not grounds for a variance under the statute. *Id.* at 627. In *VanLandschoot,* the supreme court held that where the plight of the landowner was due to illegal acts of a predecessor in title, which the landowner was aware of when he acquired title, the hardship is not due to circumstances "unique to his property." *Id.* at 509. Under these cases, the Johnsons cannot claim undue hardship.

Johnsons' argument that § 602.02, subd. 4, cannot be the basis for denying their applications because only Pattersons, not they, violated it is contrary to *Hedlund* and *VanLandschoot.* The Johnsons violated § 602.02, subd. 4, by purchasing Lot 6 as much as the Pattersons did by selling it.

### C. *Prior applications.*

The Johnsons argue that it was arbitrary and a denial of equal protection to deny their applications because Washington County had granted allegedly similar applications in the past. They rely on the principle that a "zoning ordinance must operate uniformly on those similarly situated." *Northwestern College v. City of Arden Hills,* 281 N.W.2d 865, 869 (Minn.1979). In that case, the supreme court stated that

one applicant [cannot] be preferred over another for reasons unexpressed or unrelated to the health, welfare, or safety of the community or any other particular and permissible standards or conditions imposed by the relevant zoning ordinance.

*Id.* (quoting *Hay v. Township of Grow,* 296 Minn. 1, 8, 206 N.W.2d 19, 24 (1973)).

■ The Johnsons applied to the County for a variance in August, 1986. Six of the applications they compare themselves to were decided in 1983, three were decided in 1984, and one was decided in May, 1985. The Johnsons are therefore not "similarly situated" to the prior applicants. *See Castle Design & Development Co. v. City of Lake Elmo,* 396 N.W.2d 578 (Minn.Ct.App. 1986) (distinguishing *Hay* and *Northwestern College* because those cases involved nearly simultaneous applications). An applicant for a variance is not entitled to a variance merely because similar variances were granted in the past. Otherwise, the granting of one variance would likely result in the destruction of the entire zoning scheme.

■ Also, only one of the prior applications involved a violation of § 602.02, subd. 4. Washington County granted that application (in June, 1983) because the Town had mistakenly led the owner of contiguous undersize lots to believe that he could sell one of them. No such misrepresentation occurred here.

### D. *Unconstitutional taking.*

■ The Johnsons argue that the denials leave their property without reasonable value and are therefore an unconstitutional taking of property, relying on *Curry v. Young,* 285 Minn. 387, 173 N.W.2d 410 (1969). In *Curry,* the landowner actually qualified for a variance under the ordinance. The ordinance provided that a residence could be built on a "lot of record," which the property at issue was, regardless of the size of the lot (as long as the ordinance's other requirements were met). *Id.* at 391, 173 N.W.2d at 412. The supreme court held the "ordinance itself * * * require[d] that the variance be granted," and

therefore "the city acted arbitrarily in denying the variance." *Id.* at 397, 173 N.W.2d at 415. The Johnsons have not shown that the ordinances here require that they be granted a variance.

In *Hedlund,* moreover, we held that since the landowner's hardship was self-imposed, the denial of variances needed to build a home did not constitute a taking. 366 N.W.2d at 628. Since the Johnsons purchased the property knowing a zoning ordinance prohibited its sale or development, they cannot claim there was a taking of their property.

### E. *60 percent rule.*

■ Finally, the Johnsons attempt to rely on § 602.02, subd. 3, of the Town's zoning ordinance which allows, in certain circumstances, single-family residences on undersize lots provided the lot is within 60 percent of the ordinance's area and width requirements. They concede, however, that 60 percent of the ordinance's minimum area requirement is 9000 square feet, and Lot 6 is approximately 8,607 square feet.

### DECISION

Affirmed.