**Donald A. STOTTS, et al., Appellants,**

v.

**WRIGHT COUNTY, Respondent.**

**No. C2–91–1050.**

Court of Appeals of Minnesota.

Dec. 31, 1991.

Review Denied Feb. 11, 1992.

Randall T. Skaar, Skaar & Richards, P.A., Buffalo, for appellants.

Wyman A. Nelson, Wright County Atty., Thomas C. Zins, Asst. Wright County Atty., Buffalo, for respondent.

Considered and decided by LANSING, P.J., and PARKER and FOLEY, JJ.

## OPINION

LANSING, Judge.

The trial court directed a verdict for Wright County on the issue of equitable estoppel, ruled that the Wright County Zoning Ordinance prohibits two-story boathouses, and upheld the Board of Adjustment's denial of a variance. We affirm.

## FACTS

Donald Stotts applied for and received a permit to remodel, repair, and add new block to the foundation of his two-story boathouse on Lake Sylvia. According to the Wright County Zoning Ordinance, two story boathouses are non-conforming uses. A property owner may continue to use a non-conforming structure and may make non-structural repairs, but may not replace, expand, or structurally alter it. Stotts talked to no one at Wright County about his plans for the boathouse except the clerk who issued the permit.

After Stotts began the boathouse repairs, he discovered the basic structure to be unsafe and beyond repair. Instead of completing his planned repairs, Stotts tore down the entire structure and built a new two-story boathouse, enlarging the foundation and using approximately 90% new materials. When the work was nearly done, the county zoning administrator sent Stotts a letter ordering him to stop work because the essentially new boathouse violated the ordinance prohibiting two-story boathouses and violated setback provisions.

Stotts applied to the Wright County Board of Adjustment for a variance for the boathouse and for permission to construct a deck attached to the boathouse within 75 feet of the lake, contrary to the setback requirements of the ordinance. The board considered the requests at a regular meeting and performed an on-site inspection, but denied both requests and ordered Stotts to remove the top story of the boathouse.

Following a bifurcated trial, Stotts appeals the court's determination that he failed to present a prima facie case on equitable estoppel, that the ordinance clearly prohibits two-story boathouses, and that the Board of Adjustment acted reasonably in denying his request for a variance.

## ISSUES

1. Did the trial court err in directing a verdict for Wright County on the equitable estoppel issue or in concluding that there were no protectible vested rights?

2. Does the Wright County Zoning Ordinance prohibit two-story boathouses?

3. Did the Wright County Board of Adjustment act unreasonably in denying Stotts' variance requests?

## ANALYSIS

I

To prevail on an equitable estoppel claim against a local government exercising its zoning powers, a property owner must

(1) rely[ ] in good faith (2) upon some act or omission of the government, (3) [make] such a substantial change in position or [incur] such extensive obligations and expenses that it would be highly inequitable and unjust to destroy the rights which he ostensibly had acquired.

*Ridgewood Dev. Co. v. State,* 294 N.W.2d 288, 292 (Minn.1980) (emphasis omitted). Under this test, the property owner bears a

heavy burden of proof to first show wrongful conduct on the part of the government. If the court finds such conduct, it then balances the interest of the public and the property owner. *Id.* at 293.

Stotts failed to show that the county acted wrongfully in issuing him the permit to remodel and repair his boathouse. A property owner is charged with knowledge of whether a local zoning ordinance permits construction undertaken on the property. *Jasaka Co. v. City of St. Paul,* 309 N.W.2d 40, 44 (Minn.1981). When issuing the permit for "repairs, remodelling and new block", the county did not have a duty to inform Stotts that this meant he could not build an entirely new boathouse.

Stotts also failed to show that he relied on any action of the county in completely reconstructing the boathouse. He testified at trial that he did not consult anyone about the ordinance, did not rely on the County Zoning Administrator, did not rely on any representation made by the clerk who helped him fill out the permit application, and did not rely on what he read on the permit itself. Stotts failed to establish a prima facie case supporting estoppel at trial. *See Nemanic v. Gopher Heating & Sheet Metal, Inc.,* 337 N.W.2d 667, 669 (Minn.1983). The trial court did not err in directing a verdict in favor of Wright County. *See Advanced Training Sys., Inc. v. Caswell Equip. Co.,* 352 N.W.2d 1, 12 (Minn.1984).

Stotts alternatively contends that he acquired a vested right in the nearly completed boathouse which the Board of Adjustment may not now divest. A right is vested when

> it has arisen upon a contract, or transaction in the nature of a contract, authorized by statute and liabilities under that right have been so far determined that nothing remains to be done by the party asserting it.

*Jasaka,* 309 N.W.2d at 44 (quoting *Ridgewood Dev. Co.,* 294 N.W.2d 288). In zoning cases, the "contract" is the issuance of a building permit, issued in error or later revoked for some reason. *See Jasaka,* 309 N.W.2d 40. In this case, the county issued

a permit to repair and remodel the boathouse. It did not issue a permit to build a new building, so Stotts cannot have acquired a vested right to retain his building.

## II

Zoning ordinances must be construed according to their plain and ordinary meaning. *County of Lake v. Courtney,* 451 N.W.2d 338, 340 (Minn.App.1990), *pet. for rev. denied* (Minn. April 13, 1990). Given a plain reading, the Wright County Zoning Ordinance prohibits two-story boathouses.

Section 3(301) of the ordinance provides the rules for interpreting the ordinance. Wright County Zoning Ordinance, Code 0078, § 3(301) (1988). Rule (5) states that
> [w]henever a word or term defined hereinafter appears in the text of this Ordinance, its meaning shall be constructed as set forth in such definition.

Rule (7) provides that "[i]n the event of conflicting provisions within this ordinance, the more restrictive provision shall apply."

Section 3(302)(11) defines boathouse as
> [a] one (1) story structure not to exceed 15 feet in height for the purpose of storage of boats and accessories the top of which may be used as an enclosed deck with safety railing.

When read together, (302)(11) and (301)(5) unambiguously mean that in the context of the ordinance a boathouse may be only one story.

Stotts contends that because § 6(612.4), which establishes dimensional requirements for structures, allows a building to be two-and-one-half stories, and boathouses are mentioned in a footnote to that section as an exception to the shoreline setback provisions, boathouses can be two-and-one-half stories as well. This reading conflicts with the rules of interpretation laid out in § 3(301), however, because the (302)(11) definition of boathouse must apply throughout the ordinance.

Stotts also argues that the zoning ordinance setback requirements do not apply to decks. We find this to be an inaccurate reading of the ordinance, especially

since any deck, by definition, is appurtenant to a building, to which setback requirements indisputably apply.

### III

■ A zoning board has broad discretion in denying variances, and a reviewing court is limited to determining whether the board's decision was based on legally sufficient reasons. *VanLandschoot v. City of Mendota Heights*, 336 N.W.2d 503, 508–509 (Minn.1983). Section 5(502) of the Wright County Zoning Ordinance establishes the rules for appeal to the Board of Adjustment for a variance. Under this provision, the applicant bears the burden of proof to the Board, and must address five specific criteria. Section (502.3) provides that if the applicant fails to prove any one of the criteria, the Board of Adjustment "cannot legally grant the variance."

■ The Board denied the boathouse variance because two-story boathouses are prohibited under the ordinance and after an inspection of the site, board members concluded that the boathouse constituted "site pollution." The Board denied the deck variance because Stotts already had a two level deck on his house and an additional deck not in conformity with setback provisions would be excessive. These actions are not unreasonable, especially when Stotts completely failed to present any reason why the Board should grant the variances.

■ Stotts' offer of proof of a neighbor's setback variance for a deck cannot substitute for lack of evidence on the criteria established in the ordinance. *See In re Johnson*, 404 N.W.2d 298, 301 (Minn. App.1987). Further, Stotts cannot meet the similarly situated requirement for an equal protection claim because his variance request and his neighbor's variance request are separated in time. *See id.*

### DECISION

The trial court did not err in directing a verdict for Wright County on the equitable estoppel issue. It also correctly determined that the Wright County Zoning Ordinance prohibits two-story boathouses and that the Board of Adjustment did not act unreasonably in denying Stotts' variance requests.

Affirmed.