**MINNESOTA EDUCATION
ASSOCIATION and Carl
Nevils, Petitioners,**

v.

**MINNESOTA STATE BOARD OF
EDUCATION, Respondent.**

No. C6–92–2258.

Court of Appeals of Minnesota.

May 25, 1993.

Harley M. Ogata, Roger L. Barrett, Christina L. Clark, Rebecca H. Hamblin, Minnesota Educ. Ass'n, St. Paul, for petitioners.

Hubert H. Humphrey, III, Atty. Gen., Charles T. Mottl, Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by ANDERSON, C.J., SCHUMACHER and STONE *, JJ.

## OPINION

ANDERSON, Chief Judge.

The Minnesota Education Association and Carl Nevils (hereinafter MEA) filed a petition for declaratory judgment in this court, pursuant to Minn.Stat. §§ 14.44–.45 (1992), challenging an administrative rule adopted by the respondent Minnesota Board of Education (Board). The Board's rule requires daily preparation time for elementary school teachers to be "comparable" to that provided secondary school teachers in the school district within the student contact day. The word "comparable" in the Board's rule is used in the same context as the word "comparable" in the enabling legislation. During the rulemaking process, the Board stated it proposed to interpret the word "comparable" to mean "proportional." The Board's proposed interpretation does not constitute a rule that is appropriate for review by this court pursuant to a declaratory judgment action. Accordingly, we dismiss the MEA's petition for declaratory judgment.

## FACTS

In 1991, the Minnesota Legislature directed the Board to adopt a rule establishing preparation time requirements for elementary school staff that are "comparable" to the preparation time requirements for secondary school staff. 1991 Minn. Laws ch. 265, art. 9, § 71. Pursuant to the legislative mandate, the Board proposed a rule stating that daily preparation time for elementary school teachers must be "comparable" to that provided secondary teachers in the school district within a student contact day.

An administrative law judge (ALJ) conducted rulemaking proceedings on the Board's proposed rule. During the rulemaking proceedings, the Board submitted a Statement of Need and Reasonableness (SONAR), stating it is the opinion of the Board that the word "comparable" should be interpreted as "proportional." Under the Board's proposed interpretation, elementary school teachers could receive less daily preparation time than secondary school teachers because, by law, elementary school teachers have fewer minimum daily student contact minutes than secondary school teachers. *Compare* Minn.R. 3500.1200, subpt. 1 (1991) *with* Minn.R. 3500.1500, subpt. 1 (1991).

The MEA submitted evidence from teachers who opposed the Board's proposed interpretation. The teachers believed elementary school teachers should receive daily preparation time similar or equivalent to the amount received by secondary school teachers, not a proportional amount of time. The Board presented no evidence in support of its proposed interpretation of the word "comparable." The record contains no admissible evidence of legislative intent regarding the meaning of the word "comparable" in the 1991 enabling legislation.[1]

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

1. Two legislators submitted letters to the ALJ stating their understanding of the legislative intent behind the use of the word "comparable." Comments about legislative intent made after a statute has been passed are inadmissible to construe a statute. *Krueth v. Independent Sch. Dist.*

*No. 38*, 496 N.W.2d 829, 834 (Minn.App.1993) (citing *Washington County v. AFSCME*, 262 N.W.2d 163, 167 (Minn.1978), and *In re State Farm Mut. Auto. Ins. Co.*, 392 N.W.2d 558, 569 (Minn.App.1986)), *pet. for rev. denied* (Minn. Apr. 20, 1993). Further legislative history cited by the MEA was not made a part of the record during the rulemaking process. Accordingly, in making our decision, we do not consider the

The ALJ issued findings of fact and a recommendation that the Board adopt the proposed rule. The ALJ declined to address the Board's proposed interpretation of the word "comparable." The ALJ explained:

> The mere use of the term comparable in the proposed rules cannot constitute a defect in the rules under these circumstances. The term was used in the 1991 session law, and the board's use of the same term in its proposed rules cannot properly be viewed as unnecessary or unreasonable. A rulemaking proceeding does not provide an appropriate forum in which to challenge an agency's indication in its SONAR of the manner in which it proposes to interpret a rule provision.

The Board accepted the ALJ's recommendation and adopted the proposed rule. The rule as adopted states elementary school teachers must receive preparation time "comparable" to that provided secondary school teachers within a student contact day. 17 Minn.Reg. 1457 (Dec. 14, 1992) (codified at Minn.R. 3500.1400, subpt. 3 (Supp.1992)). The Board's proposed interpretation of the word "comparable" as "proportional" was not made a part of the final rule.

In this petition for declaratory judgment, the MEA challenges the Board's proposed interpretation of the word "comparable." The MEA seeks a declaration that (1) the Board's proposed interpretation exceeds the Board's statutory authority, and (2) elementary school teachers are entitled to receive a similar or equivalent (not proportional) amount of daily preparation time to that provided secondary school teachers.

## ISSUE

Is a petition for declaratory judgment the appropriate procedure to challenge an administrative agency's proposed interpretation of a term used in a properly promulgated rule?

## ANALYSIS

Judicial review of the validity of a Board rule is governed by Minn.Stat. §§ 14.44–.45 (1992). This court has original jurisdiction to determine the validity of a Board rule in a declaratory judgment action. Minn.Stat. § 14.44.[2] There are three statutory grounds upon which to challenge the validity of a Board rule. A rule is invalid if it (1) violates constitutional provisions; (2) exceeds the statutory authority of the Board; or (3) was adopted without compliance with statutory rulemaking procedures. We must declare a rule invalid if it violates one or more of these three grounds. Minn. Stat. § 14.45.

While three statutory grounds exist upon which to challenge the validity of the Board rules, the sole ground raised by this proceeding is whether the rule exceeds the statutory authority of the Board. The MEA does not challenge the facial validity of the rule. In fact, the use of the word "comparable" in the rule is identical to the use of the word "comparable" in the statute. Therefore, on its face, the rule was promulgated within the Board's statutory authority. However, the MEA argues the Board exceeded its statutory authority by stating in its SONAR that its "opinion" was that the word "comparable" should be interpreted as "proportional." This argument presents to the court the question whether the Board's proposed interpretation of the word "comparable," which was not made part of the rule, is reviewable by this court in a declaratory judgment action. We hold it is not.

■ Generally, a declaratory judgment action is a proper method to challenge a rule prior to its application or enforcement. In holding that a declaratory judgment action was proper in a pre-enforcement challenge, the supreme court stated:

> This action is a pre-enforcement challenge, i.e., it questions the process by

legislators' letters or the legislative history cited by the MEA.

2. Before the creation of the court of appeals, Minn.Stat. § 14.44 provided that the validity of any agency rule could be determined upon a petition for declaratory judgment in district court. In 1984, the legislature substituted the court of appeals for district court. *See* 1984 Minn.Laws ch. 640, § 26.

which the rule was made and the rule's general validity before it is enforced against any particular party. This is to be distinguished from an action wherein the rule is sought to be enforced against a particular party and, in that contested setting, the validity of the rule as applied to a particular party is adjudicated.

\* \* \* \* \* \*

But where, as here, there is a pre-enforcement challenge, judicial review is governed by Minn.Stat. §§ 14.44 and 14.45 (1982). Section 14.44 provides that "[t]he validity of any rule may be determined upon the petition for a declaratory judgment thereon \* \* \*."

*Manufactured Housing Inst. v. Pettersen,* 347 N.W.2d 238, 240 (Minn.1984); *see Minnesota Ass'n of Homes for the Aging v. Department of Human Servs.,* 385 N.W.2d 65, 67–68 (Minn.App.1986); *L.K. v. Gregg,* 380 N.W.2d 145, 149 (Minn.App. 1986), *pet. for rev. denied* (Minn. Mar. 14, 1986).

This court may consider a rule's validity when the "threatened application" of the rule interferes with or impairs or "threatens to" interfere with or impair the rights or privileges of the petitioners. Minn.Stat. § 14.44. The scope of review is limited, however, *Minnesota–Dakotas Retail Hardware Ass'n v. State,* 279 N.W.2d 360, 363 (Minn.1979), and is confined to the record. *Manufactured Housing,* 347 N.W.2d at 241.

■ A difference exists between the "threatened application" of a rule and a proposed interpretation of a rule. In the present case, the Board's proposed interpretation of the word "comparable" was not made part of the promulgated rule. We hold a declaratory judgment petition is not the proper method to review a proposed interpretation of a promulgated rule when the proposed interpretation is not made part of the properly promulgated rule. We are guided in our decision by *Minnesota–Dakotas Retail,* 279 N.W.2d at 363, where the court stated:

> [T]he instant [declaratory judgment] action is preliminary to any attempt \* \* \* to cite any party for violation of these

regulations or to otherwise apply or enforce them in any administrative, civil, or criminal proceeding \* \* \*. Broad and far-reaching scrutiny of a rule or regulation, based upon hypothetical facts, is a premature exercise by the judiciary when the actual application or enforcement of the rule remains subject to prosecutorial discretion or formal or informal variance or waiver procedures.

*Id.* at 363. In *Manufactured Housing,* the court, citing *Minnesota–Dakotas Retail,* suggested that the scope of a pre-enforcement declaratory judgment does not encompass an agency's proposed interpretation of a rule:

> In *Minnesota–Dakotas Retail Hardware Ass'n v. State,* 279 N.W.2d 360 (Minn.1979), we contrasted judicial review in a contested, enforcement proceeding with a pre-enforcement rule challenge. In a pre-enforcement challenge, we said that any "[b]road and far-reaching scrutiny of a rule or regulation, based upon hypothetical facts, is a premature exercise by the judiciary"; and we then concluded, "[c]onsequently, the standard of review is necessarily more restricted." *Id.* at 363. For example, in a pre-enforcement constitutional challenge, the challenge is to the constitutionality of the rule on its face; in a contested enforcement action, the challenge is more to the constitutionality of the rule as applied. Judicial review of an agency adjudication, as we have seen, is limited to the administrative record; here, in a pre-enforcement action, where judicial review is even more restricted, we think review on the record should likewise suffice.

*Manufactured Housing,* 347 N.W.2d at 241.

■ We conclude the MEA's declaratory judgment challenge to the Board's proposed interpretation of the word "comparable" is premature. "We cannot review what does not exist." *L.K.,* 380 N.W.2d at 149. The MEA has failed to provide sufficient evidence of a threatened application of the rule which interferes with or impairs its rights or privileges. In this case, the proposed interpretation of the rule as evi-

denced by the Board's opinion in the SO-NAR does not rise to the level of a threatened application that is subject to a declaratory judgment action pursuant to Minn. Stat. §§ 14.44–.45.

If and when the Board chooses to apply or enforce its interpretation of the rule in a manner that interferes with or impairs, or threatens to interfere with or impair the legal rights or privileges of the MEA, the MEA may then challenge the validity of the rule in a declaratory judgment action. If the MEA is to challenge the reasonableness of the rule as applied, it may make that challenge in a contested case hearing when the agency seeks to enforce the rule. *See Minnesota Ass'n of Homes for the Aging*, 385 N.W.2d at 68 (contested case hearing, rather than declaratory judgment action, is proper method to challenge rule as applied). In an agency contested case hearing or a declaratory judgment action, evidence may be introduced supporting or opposing the Board's interpretation of the word "comparable." Introduction of relevant legislative history at that time may be appropriate.

## DECISION

The Board's proposed interpretation of the word "comparable" does not constitute a rule that is reviewable by this court upon a declaratory judgment petition.

**Petition for declaratory judgment dismissed.**