**ST. CLOUD POLICE RELIEF ASSOCIATION, et al.,**
**Appellants,**

v.

**CITY OF ST. CLOUD, a home rule city, Respondent.**

No. C8–96–777.

Court of Appeals of Minnesota.

Nov. 5, 1996.

Review Denied Jan. 7, 1997.

L. Michael Hall, St. Cloud, for Appellants.

Robert Klausner, Klausner & Cohen, P.A., Hollywood, FL, for Appellants.

John M. LeFevre, Corrine H. Thomson, Kennedy & Graven, Chartered, Minneapolis, for Respondent.

Jan F. Petersen, City Attorney, City of St. Cloud, St. Cloud, for Respondent.

Hubert H. Humphrey, III, Attorney General, Richard S. Slowes, Assistant Solicitor General, St. Paul, amicus curiae for State of Minnesota.

Carla J. Heyl, League of Minnesota Cities, St. Paul, amicus curiae for League of Minnesota Cities.

Considered and decided by PETERSON, P.J., and KLAPHAKE, and DAVIES, JJ.

## OPINION

DAVIES, Judge.

A police retirement benefits association appeals summary judgment rejecting its equal protection claim. We affirm.

## FACTS

Appellant St. Cloud Police Relief Association (Police Association) provides retirement benefits to its members. Until 1989, there existed a similar organization for firefighters called the St. Cloud Fire Relief Association (Fire Association).[1] Both groups usually ob-

---

1. In 1989, the Fire Association, but not the Police Association, consolidated into the Public Employees Retirement Association—Police and Fire Fund, and it no longer has a separate existence.

tained benefit changes for their members through special legislation. That legislation had to be ratified by the city council of respondent City of St. Cloud (City).

Prior to 1982, Fire Association and Police Association members and their dependents had health insurance benefits to age 65. In 1982, the Fire Association obtained passage of special legislation, approved by the City, granting its members lifetime health insurance benefits. The next year, the Police Association requested the same benefit. The City denied the request, stating that it had erred in approving the benefit for the Fire Association, having failed to realize its cost. The Police Association continued to seek approval of this benefit at various times through 1992, but its requests were always rejected.

The Police Association then brought this suit.[2] The Police Association's main claim is that the City has a longstanding "policy of treating police and fire relief associations as similarly situated for the purposes of benefit compensation, as well as pay," making the denial of lifetime health benefits to the Police Association a violation of equal protection under Minn. Const. art. I, § 2.[3]

In December 1995, the district court granted the City's motion for summary judgment, ruling that the Police and Fire Associations are not, as a matter of law, similarly situated, and that the Police Association's equal protection claims therefore necessarily failed.[4] The district court relied in part on the fact that 10 years have passed between the grant of lifetime benefits to the Fire Association and the Police Association's complained-of denial of those benefits.

For simplicity's sake, though, we refer to the Fire Association in the present tense.

2. Both the League of Minnesota Cities and the State of Minnesota participate in this appeal as amici curiae. The State of Minnesota also participated at the district court level.

3. The Police Association also makes similar equal protection claims that in our view succeed or fail with the lifetime health benefits claim. Those claims include: (1) the elimination of a remarriage penalty for spouses of Fire Association members but not for those of Police Association members; (2) a funeral benefit for Fire Associa-

## ISSUE

Did the district court err by finding as a matter of law that the Police and Fire Associations are not similarly situated?

## ANALYSIS

On appeals from summary judgments, this court must consider two questions:

(1) whether there are any genuine issues of material fact and (2) whether the lower courts erred in their application of the law.

*State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). An issue of fact is material if it would affect the outcome of the case. *Zappa v. Fahey,* 310 Minn. 555, 556, 245 N.W.2d 258, 259–60 (1976). The evidence is to be viewed in the light most favorable to the nonmoving party. *Fabio v. Bellomo,* 504 N.W.2d 758, 761 (Minn.1993). "A reviewing court is not bound by a district court's determination of a purely legal issue." *Summit House Co. v. Gershman,* 502 N.W.2d 422, 423–24 (Minn.App.1993).

An essential element of an equal protection claim is that the persons claiming disparate treatment must be similarly situated to those to whom they compare themselves. *State by Spannaus v. Lutsen Resorts, Inc.,* 310 N.W.2d 495, 497 (Minn.1981). Similarly situated groups must be alike "in all relevant respects." *Nordlinger v. Hahn,* 505 U.S. 1, 10, 112 S.Ct. 2326, 2331, 120 L.Ed.2d 1 (1992).

The Police Association's first argument with respect to this issue is that it is a question of fact that may not be resolved by summary judgment. We disagree. The Police Association cites cases where the issue

tion members but not Police Association members; (3) differences between the two groups in the amount of the "alternative benefit" given upon retirement; and (4) differences between the two groups in the "salary year" used to calculate retiring members' pension amounts.

4. The district court went on to provide several alternative rationales for its grant of summary judgment in the City's favor, all of which the Police Association challenges on appeal. As we affirm the district court's finding that the Police and Fire Associations are not similarly situated, we do not address these other issues.

was left for the fact-finder, but it provides no support for the sweeping rule it suggests— that the issue must always survive a motion for summary judgment. Minn. R. Civ. P. 56.03 provides that summary judgment must be rendered if, based on the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," there are no *genuine* issues of material fact. As discussed below, here there is no genuine fact issue.

■ The Police Association's "similarly situated" argument centers around its assertion that the City has a longstanding "policy of equal treatment" for the two groups. We have reviewed the record and find that the evidence, even viewed in the light most favorable to the Police Association, does not offer support for such a finding. The Police Association has misstated the evidence or drawn improper inferences from the testimony it cites. At best, it appears that the City has been occasionally "whipsawed" by the two groups: when one negotiated for a benefit, the other would then seek, and often obtain, the same benefit. Although this appears to have worked at times, there is no evidence that the City had an actual policy of coordinating and/or equalizing the benefits for the two groups—or that it was required to have such a policy. These are separate and distinct organizations that bargain independently. Similarities in their benefits understandably have existed because the jobs and the political stance of the two groups are alike in many respects. But that does not mean that the two groups are "similarly situated" in the equal protection context.

The City notes several reasons why the separate relief associations are not similarly situated. The uncontested evidence establishes that the Police Association and the Fire Association are entirely separate pension funds that pursue legislative initiatives independently. The members' jobs, though similar in some respects, are by no means identical; this is reflected, for example, by the fact that workers' compensation ratings are higher for firefighters than for police officers. In addition, members of the Police Association and the Fire Association belong to different collective bargaining units that have pursued different goals, with the Police Association typically focusing on more immediate gains, such as wage increases, and the Fire Association on more long-term benefits. The district court noted in this case that the Police Association dropped its pursuit of the lifetime health benefits in 1989 in favor of obtaining unit increases. We agree with the district court in its emphasis on the fact that 10 years had passed between the grant of lifetime benefits to the Fire Association and commencement of this suit. As the district court wrote in the memorandum accompanying its order,

> [i]t should have been pretty clear to [the] PRA that even if there was a past practice or policy of supporting similar legislation that the FRA had obtained, it [was no longer] being followed.[5]

■ Finally, we agree with the City's policy argument that if we were to find these associations to be "similarly situated," every government employment bargaining unit, through equal protection challenges, could potentially obtain the most valuable benefits won by any of them. The guarantee of equal protection does not require equal outcomes in labor-management negotiations. *See Armstrong v. Civil Serv. Comm'n*, 498 N.W.2d 471, 476 (Minn.App.1993) (observing that state comparable worth statute was not intended to eliminate wage disparities resulting from differences in relative strength of separate bargaining units), *review denied* (Minn. May 28, 1993).

5. The Police Association also claims that the district court "appeared motivated by" (although did not actually cite) zoning cases in which equal protection claims were denied on the grounds that the complaining parties' requests were separated in time from those they compared themselves to. The Police Association suggests that this "separate in time" concept is only applicable to zoning cases, citing *Kottschade v. City of Roch-* ester, 537 N.W.2d 301 (Minn.App.1995), *review denied* (Minn. Nov. 15, 1995), and *Stotts v. Wright County*, 478 N.W.2d 802 (Minn.App. 1991), *review denied* (Minn. Feb. 11, 1992). Those cases indicate that the "separate in time" concept is applicable in the zoning context, but do not suggest that separation in time is relevant only to zoning.

322

Based on this analysis, we affirm the district court's conclusion that no genuine issue of material fact exists and that the Police and Fire Associations are, as a matter of law, not similarly situated.

## DECISION

The evidence in the record, viewed in the light most favorable to the Police Association, would not support a finding that the associations are similarly situated for the purposes of benefit compensation; thus, no genuine issue of material fact is raised and the district court properly granted summary judgment to the City.

**Affirmed.**