Don D. MYRON, Petitioner, Appellant,

v.

The CITY OF PLYMOUTH, Respondent.

No. C3–96–2078.

Court of Appeals of Minnesota.

April 15, 1997.

Review Granted June 30, 1997.

Daniel B. Johnson, Meyer & Njus, P.A., Minneapolis, for Appellant.

Thomas M. Scott, Roger N. Knutson, Campbell, Knutson, Scott & Fuchs, P.A., Eagan, for Respondent.

Considered and decided by NORTON, P.J., and KALITOWSKI and DAVIES, JJ.

## OPINION

DAVIES, Judge.

Appellant challenges the district court's affirmance of respondent city's denial of his application for a zoning variance and the district court's grant of summary judgment in the city's favor on his alternative taking claim. We affirm as to the taking issue, but reverse and remand on the zoning variance issue.

## FACTS

Appellant is the owner of a corner lot, which is zoned residential. The property, located in respondent City of Plymouth (the City), is currently unbuildable because compliance with the setback requirements in the City's zoning ordinance would result in a violation of the minimum building pad size.

Appellant purchased the property for $2,000 at a tax forfeiture sale. Nine years later, in 1995, appellant twice applied for a variance from the 25–foot setback requirement. The city council denied both requests based on an identical finding that appellant was aware at the time he purchased the property that a variance would be necessary to make the property buildable. The council determined that this made any hardship relating to appellant's use of the property self-created and outside the "undue hardship" definition in Minn.Stat. § 462.357, subd. 6(2). The council therefore denied appellant's request for a variance.

Appellant sought a writ of mandamus ordering the City either to issue the variance or to commence condemnation proceedings. The district court issued an alternative writ of mandamus requiring the City either to grant the variance or to show cause why it had not done so, then both affirmed the City's denial of the variance and ordered summary judgment in the City's favor on appellant's taking claim.

## ISSUES

I. Did knowledge of the applicable zoning restrictions at the time of the purchase of the property make any undue hardship under Minn.Stat. § 462.357, subd. 6(2), self-created,

thereby requiring the City to deny a variance?

II. Did knowledge of the zoning restrictions at the time of his purchase defeat appellant purchaser's taking claim?

## ANALYSIS

### I.  Undue Hardship and Variance

■ Our review of a local governing body's zoning decision is conducted de novo, with no deference given to the district court's findings and conclusions. *Hedlund v. City of Maplewood,* 366 N.W.2d 624, 626 (Minn.App. 1985).

> The standard of review is whether the [council's] decision was unreasonable, arbitrary or capricious, with review focused on the legal sufficiency of and factual basis for the reasons given.

*Swanson v. City of Bloomington,* 421 N.W.2d 307, 313 (Minn.1988).

A municipality is empowered to hear zoning variance requests "where * * * strict enforcement [of the zoning ordinance] would cause undue hardship" such that the property "cannot be put to a reasonable use." Minn.Stat. § 462.357, subd. 6(2) (1996). "Undue hardship" exists only where "the plight of the landowner is due to circumstances * * * not created by the landowner." *Id.*[1]

■ In *Hedlund,* we stated:

> "A person who purchases land with knowledge, actual or constructive, of the zoning restrictions which are in effect at the time of such purchase, is said to have created for himself whatever hardship such restrictions entail."

---

1.  In context, the relevant parts of the subdivision read as follows:

> Subd. 6. **Appeals and adjustments.** * * * The board of appeals and adjustments has the following powers with respect to the zoning ordinance:
> (1) * * *
> (2) *To hear requests for variances* from the literal provisions of the ordinance in instances *where* their strict enforcement would cause *undue hardship* because of circumstances unique to the individual property under consideration, and to grant such variances only when it is demonstrated that such actions will be in keeping with the spirit and intent of the

ordinance. *"Undue hardship"* as used in connection with the granting of a variance *means* the property in question cannot be put to a reasonable use if used under conditions allowed by the official controls, the plight of the landowner is due to *circumstances unique to the property not created by the landowner,* and the variance, if granted, will not alter the essential character of the locality. Economic considerations alone shall not constitute an undue hardship if reasonable use for the property exists under the terms of the ordinance. Minn.Stat. § 462.357, subd. 6 (1996) (emphasis added).

366 N.W.2d at 627 (quoting 3 R. Anderson, *American Law of Zoning* § 18.42 (1977)); *see also In re Variance Request of Johnson,* 404 N.W.2d 298, 300 (Minn.App.1987) (citing *Hedlund* rule); *Castle Design & Dev. Co. v. City of Lake Elmo,* 396 N.W.2d 578, 582 (Minn.App.1986) (same). We went on in *Hedlund* to hold that knowledge at the time of purchase is by itself a "legally sufficient" ground for denying a variance application. 366 N.W.2d at 628. *Johnson,* 404 N.W.2d at 300, and *Castle Design,* 396 N.W.2d at 582, are likewise most reasonably read as holding that knowledge of a zoning ordinance before purchase demonstrates self-created hardship and is legally sufficient to support denial of a variance. In short, these cases have interpreted the phrase "created by the landowner," as used in Minn.Stat. § 462.357, subd. 6(2), to include circumstances in which a landowner purchased property with knowledge (actual or constructive) that the property was subject to a zoning ordinance restricting development.

The problem with such a reading of the statute is that—by backspin—it places an unreasonable limitation on the power of cities to grant variances, for although the statute provides authority to grant variances when certain prerequisites are met, it also creates a mirror image limitation on the authority to grant a variance whenever the stated prerequisites are not met. One of those prerequisites is that the need for the variance not be "created by the landowner." If that includes mere purchase with knowledge, a municipality would, in effect, be *prohibited* from granting a variance to every subsequent owner who purchased with knowledge that a variance would be required for development.

This blanket bar to granting variances is not in accordance with the legislature's general intent to give municipalities broad discretion in the land development area. *See* Minn.Stat. § 462.351 (1996) (policy is to give municipalities "necessary powers" to conduct and implement their plans); Minn.Stat. § 462.353 (1996) (giving broad authority to municipalities to create comprehensive municipal plans).

More significantly, such a reading is also inconsistent with the general property-law goal to preserve alienability. An owner who did not self-create a hardship is eligible for a variance. But that owner would, in effect, be barred from selling to someone else without, as a consequence of the sale, destroying the eligibility to receive a variance. We see no reason why an owner who sells should not be able to convey to a buyer the eligibility for a variance along with the land itself.

We therefore hold that actual or constructive knowledge of a zoning ordinance before a purchase of land is not a bar to granting a variance. We overrule *Hedlund* and its progeny to the extent that they conflict with our holding. The district court's decision on this issue is reversed and the matter is remanded to the city council for reconsideration of appellant's application. The council may again deny the application, but the council must provide a justification other than that appellant created the hardship himself by purchasing with knowledge of the zoning ordinance.

## II. Unconstitutional Taking Claim

■ Appellant challenges the district court's grant of summary judgment in favor of the City on his unconstitutional taking claim. On appeals from summary judgments, this court must consider two questions:

(1) whether there are any genuine issues of material fact and

(2) whether the lower courts erred in their application of the law.

*State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). "A reviewing court is not bound by a district court's determination of a purely legal issue." *Summit House Co. v. Gershman,* 502 N.W.2d 422, 423–24 (Minn. App.1993).

In *Hedlund,* the court rejected the plaintiff's taking claim on the same ground as the appeal of the variance denial itself: that the hardship was self-created. 366 N.W.2d at 628; *see also Johnson,* 404 N.W.2d at 301 (because hardship was self-imposed, denial of variances did not constitute taking).

The fact that appellant knew at the time of purchase that the property was subject to a zoning restriction is still a sufficient basis to reject his claim of an unconstitutional taking.

As noted by appellant's attorney during arguments before the council, appellant knew he was taking a "gamble" when he purchased the property. The price presumably reflected the zoning restriction, and appellant, therefore, may not now claim that the City has taken property rights from him without just compensation. We affirm the district court's grant of summary judgment in favor of the City on this issue.

### III. Equal Protection Claim

On appeal, appellant raises an equal protection claim. This argument will not be considered for the first time on appeal. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) (issues not raised in district court generally may not be considered for first time on appeal).

### DECISION

Appellant's knowledge, before purchase, that his land was subject to a zoning ordinance was not a legally sufficient ground for the City's denial of his variance application. We remand to the city council for reconsideration of his application. The district court did, however, properly grant summary judgment to the City on appellant's taking claim.

**Affirmed in part, reversed in part, and remanded.**

KALITOWSKI, Judge (concurring specially).

I concur in the result but write specially because I find it unnecessary and inappropriate to overrule *Hedlund v. City of Maplewood*, 366 N.W.2d 624 (Minn.App.1985). In *Hedlund*, the city gave three reasons for denying the variance and this court determined each of the reasons was supported by the facts. *Id.* at 627. Thus, *Hedlund* is distinguishable because here the *only reason* given by the city for denying the variance was the fact that appellant's knowledge of the applicable zoning ordinance prior to the purchase of the property made any undue hardship self-created.